## NED'S AUTO SUPPLY CO. *v.* UNEMPLOYMENT COMPENSA- TION COMMISSION.

1. UNEMPLOYMENT COMPENSATION—COMBINING EXPERIENCE RECORD OF PREDECESSOR EMPLOYER—CONTRIBUTIONS—STATUTES.

In determining rate of contribution by a corporation under the unemployment compensation act when it is sought to combine the experience record of a predecessor partnership employer, section of statute pertaining to rate of contribution is applied rather than section of act under which it is determined which employers were subject to act (Act No. 1, §§ 22, 41, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 364, Pub. Acts 1941).

2. SAME—CONTRIBUTIONS—COMBINING EXPERIENCE RECORD OF PREDE- CESSOR EMPLOYER.

In order to combine the experience record of predecessor partner- ship conducting wholesale and retail automotive accessory and household appliance business with experience record of suc- cessor corporations which conducted wholesale and retail busi- nesses as separate corporate entities, for purpose of determin- ing rate of contribution under the unemployment compensation act, it would be necessary for the commission to find that the corporations as a single employer had acquired substantially all of the assets and continued substantially all of the em- ploying enterprises of 2 or more predecessor employing units as a single employing unit (Act No. 1, § 22, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 364, Pub. Acts 1941).

3. SAME—TWO CORPORATIONS AS A SINGLE EMPLOYING UNIT—CON- TRIBUTIONS.

Two corporations, one conducting a wholesale business and the other a retail business, could not qualify as a single employing unit under section of unemployment compensation act relating to rate of contribution unless their corporate entities are disregarded (Act No. 1, § 22, Pub. Acts 1936 [Ex. Sess], as amended by Act No. 364, Pub. Acts 1941).

4. SAME—PARTNERSHIP—SUCCESSOR CORPORATIONS—SINGLE EMPLOY-
ING UNIT—CONTRIBUTIONS.

Where a single partnership, comprised of 4 brothers and their
sister, was split into 2 corporations, each owned by the same
5 persons, for purpose of separately conducting wholesale and
retail phases of same business theretofore conducted by the
partnership, the corporate entities will not be disregarded
and the 2 considered as a single employing unit under the sec-
tion of the unemployment compensation act pertaining to con-
tributions by employers (Act No. 1, § 22, Pub. Acts 1936
[Ex. Sess.], as amended by Act No. 364, Pub. Acts 1941).

5. CORPORATIONS—FRAUD—INJUSTICE.

Courts may look through the veil of corporate structure in order
to prevent fraud or injustice.

6. UNEMPLOYMENT COMPENSATION—COMBINING EXPERIENCE RECORD
OF PREDECESSOR EMPLOYER—STATUTES.

Neither of two successor corporations which took over approxi-
mately one third and two thirds of business of predecessor
partnership would be entitled to combine its experience record
with that of the predecessor partnership for purpose of deter-
mining rate of contribution in view of the statutory require-
ment that successor pay 95 per cent. of the aggregate wages
payable by the predecessor during preceding 4 completed calen-
dar quarters (Act No. 1, § 22, Pub. Acts 1936 [Ex. Sess.], as
amended by Act No. 364, Pub. Acts 1941).

7. SAME — CORPORATIONS — STATUTES — CONTRIBUTIONS — COMBIN-
ING EXPERIENCE RECORDS OF PREDECESSOR EMPLOYER.

Two corporations which had operated for 40 months preceding
year 1942 were not entitled to combine experience record of
predecessor partnership so as to effect a lower rate of con-
tribution for employers continuously subject to act for 42
months rather than 3 per cent. rate for new employers where
they failed to meet conditions imposed by statute before com-
bination could be effected (Act No. 1, § 22, Pub. Acts 1936
[Ex. Sess.], as amended by Act No. 364, Pub. Acts 1941).

8. SAME—CONSTRUCTION OF STATUTES—COMBINING EXPERIENCE REC-
ORD OF PREDECESSOR EMPLOYER—DUE PROCESS—EQUAL PROTEC-
TION.

Construction of section of unemployment compensation act re-
lating to contributions required thereunder so as not to permit
either of two corporations, each owned by the same persons as
owned predecessor partnership and which corporations took
over and separately conducted wholesale and retail phases of
the predecessor's business and retained the employees of the

respective portions, to combine their experience record with predecessor and effect a lower rate than three per cent. for employing units with less than 42 months experience was not violative of the due-process and equal-protection clauses of the State and Federal Constitutions (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, §§ 1, 16; Act No. 1, § 22, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 364, Pub. Acts 1941).

9. STATUTES—PRESUMPTION OF CONSTITUTIONALITY.

A statute will be presumed to be constitutional by the courts unless the contrary clearly appears; and in case of doubt every possible presumption not clearly inconsistent with the language and the subject matter is to be made in favor of the constitutionality of legislation.

10. SAME—PRESUMPTIONS.

Every reasonable presumption or intendment must be indulged in favor of the validity of an act, and it is only when invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution that a court will refuse to sustain its validity.

11. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATUTES.

The equal protection clause of the Constitution is not violated by legislation which applies only to those persons falling within a specified class if it applies alike to all persons within such class and reasonable grounds exist for making a distinction between those who fall within such class and those who do not (U. S. Const. Am. 14).

12. STATUTES—CONSTITUTIONAL LAW.

A reasonable relationship between the statute and the evil sought to be controlled brings the statute within the limits of constitutionality.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 9, 1945. (Docket No. 3, Calendar No. 42,883.) Decided December 3, 1945.

Certiorari by Ned's Auto Supply Company and Merchants Auto Supply Company, corporations, to review an order of the Michigan Unemployment Compensation Commission fixing contribution rate. Judgment of appeal board affirmed. Plaintiffs appeal. Affirmed.

*Leo Mellen (Harry H. Platt* and *John Sklar, of* counsel), for plaintiffs.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General (Brief by *Laurence A. Price,* Assistant Attorney General), for defendant.

Starr, C. J.   Plaintiff corporations appeal from a judgment which affirmed a determination by the appeal board of defendant commission that the experience records of said corporations should not be combined with the experience record of a predecessor partnership for the purpose of determining the rate of their contributions to the unemployment compensation fund for 1942.

The material facts are stipulated.   For several years prior to September 1, 1938, four Gershenson brothers and a sister, Rose Gershenson Juliar, conducted a copartnership business under the name of Ned's Auto Supply Company, each owning a one-fifth interest therein.   The copartnership was engaged in the business of operating automobile service stations and in the sale of automotive accessories and household appliances at wholesale and retail.   The wholesale branch of the business was conducted under the assumed name of Merchants Auto Supply Company, but it was never treated as a separate entity, and the profits therefrom were always merged with, and became a part of, the partnership income.   The partnership annually filed one income-tax return and one return with defendant commission for both the wholesale and retail branches of its business.

On September 1, 1938, plaintiff Ned's Auto Supply Company was incorporated for $200,000 and the assets of the retail branch of the partnership, which represented approximately two-thirds of its total assets, were transferred to said corporation.   The em-

ployees of the retail branch continued as employees of this corporation. On the same date plaintiff Merchants Auto Supply Company was incorporated for $100,000 and the assets of the wholesale branch of the partnership, which represented approximately one-third of its total assets, were transferred to this corporation. The employees of the wholesale branch continued as employees of the corporation. Each of the five partners acquired one-fifth of the authorized and issued capital stock of the two corporations, and they became the directors and officers thereof. On the same date the partnership was dissolved.

During the period prior to the dissolution of the partnership there had been an agreement among the partners that in the event of the death of any one, his interest would pass to the surviving partners, and so on, to the end that the last survivor would own the entire assets of the partnership. Upon the organization of the two corporations, the five stockholders entered into an agreement which provided that each would endorse his certificates of stock in blank and deposit them in escrow, and that if any stockholder died, his holdings in both corporations would be divided equally between the surviving stockholders, and so on, until the last survivor became the owner of all the stock. The stipulation of facts states that "insofar as the operation of the business and the continuity of the employment enterprises were concerned, there was no visible sign of any change having been made on September 1, 1938, except that the employees in each of the corporations thereafter received their pay checks from the respective corporations for which they worked. * * * All essential activities of the predecessor partnership, and of its partners and employees, were continued without break or interruption, by the same individuals, at the same places of business, and in exactly the same fashion, as before such change-over."

Section 17* of the Michigan unemployment compensation act provides that defendant commission shall maintain a separate experience record for each employer, which "shall include (a) the total amount of wages payable for employment in each calendar year with respect to which contributions were payable; and (b) the total amount of benefits paid within such year, which * * * were charged against the experience record of such employer." Section 18† of the act further provides that within 90 days after January 1, 1942, and annually thereafter, defendant commission shall compute an experience index for each employer who has been continuously subject to the act during the 42 consecutive calendar months ending December 31st of the most recently-completed calendar year and that such experience index shall be based upon the employer's experience record during the three-year period ending on said December 31st. Section 19‡ of the act provides in part:

"The commission shall determine the contribution rate of each employer for the calendar year commencing January 1, 1942, and annually thereafter in accordance with the following requirements:

"Each employer's rate shall be 3 per cent. of the wages paid by him with respect to employment unless and until contributions have been payable by the employer throughout a period of at least 42 consecutive calendar months immediately preceding the end of the last completed calendar year, and there has been a

---

* Act No. 1, § 17, Pub. Acts 1936 (Ex. Sess.), as last amended by Act No. 364, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 8485–57, Stat. Ann. 1945 Cum. Supp. § 17.518).

† Act No. 1, § 18, Pub. Acts 1936 (Ex. Sess.), as last amended by Act No. 364, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 8485–58, Stat. Ann. 1944 Cum. Supp. § 17.519) (later amended by Act No. 335, Pub. Acts 1945 [Comp. Laws Supp. 1945, § 8485–58, Stat. Ann. 1945 Cum. Supp. § 17.519]).

‡ Act No. 1, § 19, Pub. Acts 1936 (Ex. Sess.), as last amended by Act No. 364, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 8485–59, Stat. Ann. 1944 Cum. Supp. § 17.520) (later amended by Act No. 335, Pub. Acts 1945 [Comp. Laws Supp. 1945, § 8485–59, Stat. Ann. 1945 Cum. Supp. § 17.520]).

period of not less than 36 consecutive calendar months immediately preceding the end of the last completed calendar year throughout which an individual if unemployed and eligible, could have received benefits based on wages from such employer.

"Except as provided in the preceding paragraph, each employer's contribution rate for any calendar year shall be determined on the basis of his experience index at the beginning of such calendar year."

A dispute arose in 1942 as to the rate to be used in determining the amount of contribution which each of plaintiff corporations was required to pay for that year. They were incorporated September 1, 1938, and as employers had been continuously subject to the provisions of the act for only 40 consecutive months prior to December 31, 1941. In other words, as they had not been subject to the act for 42 consecutive calendar months as required by section 18, they were not entitled to have experience indexes computed from their experience records. The commission claimed that each of the corporations was required to contribute at the three-per-cent. rate for 1942. Plaintiffs claimed that under section 22* hereinafter quoted, they were entitled to have the experience record of their predecessor partnership combined with their experience records after incorporation, and that, based on the combined records, their rate would be one per cent. The three-per-cent. rate claimed by the commission increased the 1942 contribution of plaintiff Ned's Auto Supply Company by $9,836.34, and the contribution of plaintiff Merchants Auto Supply Company by $1,417.61.

---

* Act No. 1, § 22, Pub. Acts 1936 (Ex. Sess.), as last amended by Act No. 364, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 8485-62, Stat. Ann. 1942 Cum. Supp. § 17.524) (later amended by Act No. 246, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8485-62, Stat. Ann. 1945 Cum. Supp. § 17.524]).

The commission determined that the experience record of the preceding copartnership could not be combined with the experience records of the two plaintiff corporations for the purpose of determining their rate of contribution for 1942. Plaintiffs appealed to the referee, who reversed the commission and held that the experience records of the partnership and the two corporations could be combined for the purpose of determining their contribution rate. On review the appeal board of defendant commission reversed the referee and affirmed the original determination by the commission. On review by certiorari the circuit judge affirmed the appeal board and determined that the experience records could not be combined, and that plaintiffs' contributions for 1942 should be at the three-per-cent. rate provided in section 19.

This is a consolidated appeal by plaintiffs from the judgment entered in circuit court. The precise question before us is whether or not, under section 22 of the unemployment compensation act, the two plaintiff corporations are entitled to have the experience record of their predecessor partnership combined with their experience records for the purpose of determining their rate of contribution for 1942. Section 22 provides:

"(a) For the purpose of sections 17, 18, 19 and 20 of this act, the experience records as of December 31st of the current calendar year of 2 or more employers shall be combined and mingled as if they constituted the experience record of a single employer, *if the commission finds that one of the following circumstances exists:*

"(1) That an employer has acquired the organization, trade or business, *or substantially all the assets thereof, of a predecessor employing unit* which at the

time of such acquisition was an employer subject to this act, and immediately after such acquisition *substantially all the employing enterprises of such predecessor employing unit are continued solely through the employing unit which has acquired such organization, trade or business;* or

"(2)    That a change in the legal entity or form of an employing unit has been effected by change in ownership, reincorporation, change in the composition of a partnership, or other form of reorganization, and immediately after such change substantially *all the employing enterprises of such predecessor employing unit are continued solely through a single employing unit* as successor thereto; or

"(3)    *That 2 or more employing units* have been parties to or the subject of a merger, consolidation or other form of reorganization effecting a change in legal entity or form, and immediately after such change *substantially all the employing enterprises of the predecessor employing units are continued solely through a single employing unit* as successor thereto:

"*Provided,* That no rate of less than 3 per cent. shall be permitted an employing unit succeeding to the experience record of another employing unit pursuant to this section for any period subsequent to such succession and prior to the date as of which such experience records are combined, except in accordance with regulations prescribed by the commission, which regulations shall be consistent with Federal standards of additional credit allowance in section 1602 of the internal revenue code and consistent with the provisions of this act, except that such regulations may establish a computation date or effective date for any such period different from the computation date or effective date generally prescribed by this act, and may define the words 'calendar year' as meaning a 12 consecutive-month period ending on the same day of the year as that on which such computation date or effective date occurs.

"(b)   When the experience records of *2 or more* employing units have been combined as provided in subsection (a) of this section, the combined record shall be deemed to constitute the experience record of the *successor employing unit,* as if all wages earned with the predecessor employing unit or units had been wages earned with the successor unit, and as if all benefits chargeable to the predecessor employing unit or units had been chargeable to the successor.

"For the purpose of section 19, the successor employing unit may be deemed to have had the status of an employer throughout the period covered by the combined experience record, if the commission finds that such treatment would not be inequitable, and is not inconsistent with the requirements of Federal laws prescribing the conditions under which additional credit against a Federal tax on pay rolls may be granted to employers who are required to pay contributions at a reduced rate under a State unemployment compensation law.

"(c)   *In the interpretation of this section, substantially all of the employing enterprises of a predecessor employing unit shall be deemed to be continued solely through a single employing unit as successor thereto if the commission finds that the successor has acquired business establishments or properties, or other trade or assets, the operation of which during the last 4 completed calendar quarters involved more than 95 per cent. of the aggregate wages payable for employment by the predecessor unit during such period.*"

It appears that immediately after the organization of plaintiff corporations in 1938, the commission determined that "for purposes of record only" the accounts of the partnership could be combined with those of the successor corporations for the purpose of ascertaining whether or not the corporations were

subject employers under section 41* of the act. On the present appeal plaintiffs argue that this same principle should be followed and that their experience records should be combined with that of the preceding partnership for the purpose of determining their contribution rate for 1942. We cannot agree with this contention, as the question before us relative to the combining of experience records must be determined under the provisions of section 22 above quoted. In other words, the fact that the commission, properly or improperly, allowed a combining of accounts in 1938 for the purpose of holding that plaintiff corporations were "subject employers" under section 41 of the act is not determinative of the question before us relating to combining experience records of the partnership and successor corporations under section 22, as amended in 1941.

It should be kept in mind that there was only one partnership prior to September 1, 1938, and that approximately two-thirds of its assets were transferred to plaintiff corporation, Ned's Auto Supply Company, and approximately one-third to plaintiff corporation, Merchants Auto Supply Company. Thereafter, the assets were owned and the businesses conducted by *two* separate and distinct legal entities. Under section 22 (a), the experience records of the partnership and the succeeding two corporations could be combined for the purpose of determining the rate of contribution for 1942, *only* if the commission found that one of the following circumstances existed: (1) that plaintiff corporations, as "an employer," meaning a *single employer,* had acquired the organization, trade or business, or *substantially all of the*

* Act No. 1, § 41, Pub. Acts 1936 (Ex. Sess.), as amended by Act No. 347, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485–81, Stat. Ann. 1940 Cum. Supp. § 17.543). (This section was later amended by Act No. 364, Pub. Acts 1941 [Comp. Laws Supp. 1945, § 8485–81, Stat. Ann. 1945 Cum. Supp. § 17.543]).

*assets,* and had continued *"substantially all the employing enterprises,"* of the predecessor partnership; or (2) that plaintiff corporations, as successors to the partnership and as a *"single employing unit,"* continued substantially all the employing enterprises of the partnership; or (3) that plaintiff corporations, as a *"single employing unit,"* continued substantially all the employing enterprises of *"2 or more"* predecessor employing units.

It is clear that the two corporations could not qualify as a single employing unit under the provisions of said section 22 (a) (1), (2), and (3), unless their corporate entities were disregarded. Plaintiffs argue that because the five partners continued as owners of the corporate stock of the two corporations and as directors and officers thereof, the corporate entities should be disregarded and they should be considered as a single employing unit. We cannot agree with this argument, because plaintiff corporations are two separate and distinct legal entities and, therefore, two separate employers. We recognize that the courts have often looked through the veil of corporate structure in order to prevent fraud or injustice. *Old Ben Coal Co. v. Universal Coal Co.,* 248 Mich. 486; *People, ex rel. Attorney General,* v. *Michigan Bell Telephone Co.,* 246 Mich. 198 (P. U. R. 1929B, 455). However, no question of fraud is involved in the present case, and we find no occasion to disregard the corporate entities of the two plaintiffs. A single partnership had been split into two separate corporations, and under section 22 quoted above they could not be combined as a "single" successor employing unit.

Furthermore, under section 22 (c) neither of plaintiff corporations would be entitled to have its experience record combined with that of the preceding partnership, because neither acquired business or assets of the partnership "the operation of which

during the last 4 completed calendar quarters involved more than 95 per cent. of the aggregate wages payable '' by the partnership during that period. Section 22 attached definite conditions precedent to the combining of experience records for the purpose of determining contributions for 1942, and plaintiffs have not met those conditions. In summary, plaintiff corporations are not entitled to have their experience records combined with that of the preceding partnership for the purpose of determining their contribution rate for 1942. The trial judge, in affirming the decision of the appeal board, correctly determined that the contribution for each of plaintiff corporations for 1942 should be computed at the three-percent. rate as provided in section 19 of the act.

The materially-different factual situations and questions presented in *American Screw Products Co.* v. *Unemployment Compensation Commission,* 311 Mich. 440 (159 A. L. R. 1195), and other cases cited by plaintiffs, distinguish them from the present case. For other authorities bearing upon the questions involved in the case before us, see *Auten* v. *Unemployment Compensation Commission,* 310 Mich. 453; *Acme Messenger Service Co.* v. *Unemployment Compensation Commission,* 306 Mich. 704; *Iron Street Corp.* v. *Unemployment Compensation Commission,* 305 Mich. 643; *Wayne Apartments, Inc.,* v. *Unemployment Compensation Commission,* 305 Mich. 714; *Godsol* v. *Unemployment Compensation Commission,* 302 Mich. 652 (142 A. L. R. 910).

Plaintiffs' contention, that under the trial court's construction of section 22, said section is violative of the due-process and equal-protection clauses of the State and Federal Constitutions,[*] is without merit. In *Lawrence Baking Co.* v. *Unemployment Compensation Commission,* 308 Mich. 198, 214 (154 A. L. R.

[*] See U. S. Const. Am. 14; Mich. Const. 1908, art. 2, §§ 1, 16.— REPORTER.

660), we quoted with approval from *Cady* v. *City of Detroit,* 289 Mich. 499, 505, as follows:

"A statute will be presumed to be constitutional by the courts unless the contrary clearly appears; and in case of doubt every possible presumption not clearly inconsistent with the language and the subject matter is to be made in favor of the constitutionality of legislation. * * * Every reasonable presumption or intendment must be indulged in favor of the validity of an act, and it is only when invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution that a court will refuse to sustain its validity."

In *Godsol* v. *Unemployment Compensation Commission, supra* (p. 662), we said:

"The 14th Amendment is not violated by legislation which applies only to those persons falling within a specified class if it applies alike to all persons within such class and reasonable grounds exist for making a distinction between those who fall within such class and those who do not. * * * A reasonable relationship between the statute and the evil sought to be controlled brings the statute within the limits of constitutionality."

See, also, *Sullivan* v. *Michigan State Board of Dentistry,* 268 Mich. 427; *Peoples Wayne County Bank* v. *Wolverine Box Co.,* 250 Mich. 273 (69 A. L. R. 1024); *Lundstrom* v. *Township of Ellsworth,* 196 Mich. 502.

We conclude that the statute as construed by the trial court and by this opinion is not arbitrary, capricious, discriminatory or unreasonable and, therefore, is not unconstitutional. Other questions presented do not require consideration. The judgment is affirmed. Defendant may recover the costs of both courts.

North, Carr, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.