**WHITE et al. v. STATE et al.**

No. 9586.

Court of Civil Appeals of Texas. Austin.

Oct. 23, 1946.

Rehearing Denied Nov. 13, 1946.

Bracewell & Tunks, by J. S. Bracewell, all of Houston, for appellants.

Grover Sellers, Atty. Gen., L. P. Lollar, Asst. Atty. Gen., Robert O. Koch, Asst.Atty. Gen., and C. H. Messer and W. H. Farmer, both of Austin, for appellees.

BLAIR, Justice.

This appeal is from a declaratory judgment construing Art. 5221b—5(c) (7), Vernon's Ann.Civ.St., as not authorizing appellant, White Tire & Supply Company, a co-partnership composed of G. A. White, L. C. Kirby, and Madie Wood, to pay its unemployment compensation taxes for the year 1945 at the rate of .5% instead of at the rate of 2.7% as demanded by the Texas Unemployment Compensation Commission and recovered herein by the State.

The question arose because on January 1, 1945, appellant reorganized its business, and to be entitled to the lower .5% rate it must have been on that date eligible to the three-year "experience rating" of its predecessor within the meaning of subsection 5(c) (7) of the Act, and particularly the part of (7) which reads:

"For the purposes of this Section, two or more employing units which are parties to or the subject of a merger, consolidation, or other form of reorganization effecting a change in legal identity or form, shall be deemed to be a single employing unit if the Commission finds that (i) immediately after such change the employing enterprises of the predecessor employing unit or units are continued solely through a single employing unit as successor thereto; and (ii) immediately after such change such successor is owned or controlled by substantially the same interests as the predecessor employing unit or units; and (iii) the successor has assumed liability for all contributions required of the predecessor employing unit or units; and (iv) the consideration of such two or more employing units as a

single employing unit for the purposes of this Section would not be inequitable."

The facts show that the White Tire & Supply Company was first organized in the year 1938, as a co-partnership composed of G. A. White, L. C. Kirby, and Madie Wood. It continued to so operate until the year 1940, when it was incorporated with a capital stock of $24,000, owned by the three named partners, except $3,500 of the stock was transferred to Dan L. Calihan and Clinton Scott, employees, as a reward for their services to the corporation. The corporation, as did its predecessor co-partnership, owned and operated a store for the sale of automobile tires and supplies at Huntsville, Texas. Later the corporation established a branch of its business at Trinity, Texas, under the name of Trinity Motor Company, which was owned and controlled by the corporation.

In 1942 the corporation was dissolved and a co-partnership was organized, composed of G. A. White, L. C. Kirby, Madie Wood, Dan L. Calihan and Clinton Scott, the five owners of the capital stock of the predecessor corporation. Under the co-partnership arrangements Calihan owned an 18% interest and Scott a 4.2% interest therein. This co-partnership continued the operation of the store at Huntsville and the Trinity Motor Company at Trinity until January 1, 1945, when a reorganization agreement was made, whereby Calihan became the owner of the motor company business at Trinity, in consideration or satisfaction of his 18% interest in the former co-partnership business, and at which time Calihan began the operation of the Trinity Motor Company as an individual. Scott sold his 4.2% interest in the co-partnership business to Madie Wood. Beginning on January 1, 1945, appellant, White Tire & Supply Company, became a co-partnership, composed of G. A. White, L. C. Kirby, and Madie Wood, which became the owner and operator of only the store at Huntsville. That is, a part of the business of the former five-member co-partnership became the individual property of one of the partners who withdrew from the co-partnership; another partner sold his interest, leaving only three members as the owners and operators of the remaining part of the business, the store at Huntsville.

At no time did the Trinity Motor Company have more than five employees, and standing alone never became subject to the Unemployment Act. During the time it was a part of the business of the corporation and later of the five-member co-partnership, it was subject to the Act as a part of such White Tire & Supply Company business. The store business at Huntsville was at all times subject to and complied with the Act.

The corporation, after the expiration of the three-year period prescribed by the Act, by reason of the experience rating of itself and its predecessor, the three-member co-partnership, became entitled to and was awarded an experience rating of .5% by the Commission. Likewise, the five-member co-partnership, which succeeded to all of the interest of the corporation, was entitled to and was by the Commission awarded an experience rating of .5%. It is this experience rating of .5%, earned by the five-member co-partnership, that appellant contends it is entitled to under the foregoing facts and statutes. The Commission ruled and the trial court held that appellant was not entitled to succeed to such experience rating of .5%.

We hold that under the foregoing agreed facts appellant underwent on January 1, 1945, a reorganization within the meaning of Subsection 5 (c) (7) of the Act, because after January 1, 1945, instead of there being one five-member partnership employing unit operating an establishment in Huntsville, Texas, and an establishment in Trinity, Texas, there were appellant, a three-member partnership employing unit operating only the establishment in Huntsville, and Calihan, an individual employing unit operating the establishment in Trinity. In consequence the reorganized three-member partnership employing unit was not entitled to succeed to the experience rating of the former five-member partnership employing unit.

Appellant, contends (1) that the provisions of (7) (i), and (ii) of the Act do not apply to a partnership reorganization; but if so, that the provisions of (i) and(ii) should be read in the disjunctive so that the word "and" between (i) and (ii) should be read "or" in order to give the Act its true meaning; and (2) that when so construed there was no such change or reorganization of the White Tire & Supply Company on January 1, 1945, as would effect its experience rating within the purview of Subsection 5(c) (7) of the Act. Neither of these contentions is sustained.

As supporting the contention that the provisions of (7) (i) and (ii) have no application to a partnership reorganization, appellant cites the language providing that "two or more employing units" may merge or reorganize and "be deemed to be a single employing unit," if the Commission finds the merger or reorganization is within the purview of the Act. It is argued that a partnership could hardly effect any sort of reorganization without forming a new partnership, because under partnership law the slightest change of membership works a dissolution and formation of a new partnership. After so reasoning appellant poses the question that "if the benefits of this section of the Act (transfer of experience rating) were intended for any sort of reorganization of a partnership, what character of reorganization could it have applied to?"

No Texas case has construed Subsection 5 (c) (7) with respect to transfer of experience rating. The decisions of other states, having identical or similar statutes, have uniformly held that one employing unit subject to a reorganization effecting a change in its legal identity or form is within the purview of such statutes, and that two employing units reorganizing into one is not a prerequisite. Such decisions hold that the "predecessor" and "successor" of the reorganization of one employing unit are the two employing units referred to in the statutes, which are identical or similar to Subsection 5 (c) (7). The basis for this interpretation is that in every reorganization effecting a change in the legal identity or form of an employing unit there will necessarily be a predecessor and a successor, which are the two employing units that are referred to and are to be considered as the one employing unit if the other conditions of the Act are met authorizing the transfer of experience rating. Lindley v. Murphy, 387 Ill. 506, 56 N.E.2d 832; Ned's Auto Supply Co. v. Michigan Unemployment Compensation Commission, 313 Mich. 66,

20 N.W.2d 813; and Billett v. Gordan, 389 Ill. 454, 59 N.E.2d 812. These decisions construe statutes identical or similar to Subsection (7) (i) and (ii), referring to two or more employing units of the reorganization which is exactly what we have in the instant case. Here we have for consideration three employing units in the reorganization, —the former five-member partnership; the appellant three-member partnership, owning and operating a part of the former business; and Calihan, an individual, owning and operating a part of the former five-member partnership business.

In the Lindley case, supra, it was held that the withdrawal or addition of partners to a partnership (thus creating a successor partnership) was a "reorganization" within the purview and restrictions of the subdivision of the Illinois Unemployment Compensation Act, which is identical to our Subdivision 5 (c) (7). To the same effect is the Billett case, supra.

In Ned's Auto Supply Co. case, supra, the Supreme Court of Michigan held under a section similar to our 5 (c) (7), that when one partnership reorganized into two corporations, the corporations were subject to the provisions of the Act in determining whether the predecessor and successor could be considered as one employing unit.

Under the foregoing facts and decisions we hold that a one partnership employing unit, subject to a reorganization effecting a change in its legal identity or form comes within the application of Subsection 5 (c) (7) of the Texas Act.

We are also of the view that if appellant partnership reorganization is not within the purview of Subsection 5 (c) (7) of the Act, then there is no law entitling it to succeed to the good experience rating of its predecessor five-member partnership. Appellant must resort to the provisions of Subsection 5 (c) (7), in order to succeed to or obtain an experience rating for the year 1945. It is only through this subsection that a changed or reorganized employing unit may succeed to the experience rating of another or predecessor unit. This question has not been before the Texas courts, but numerous decisions of courts of other states hold that without provisions similar to Subsection 5

(c) (7) of our Act, one employing unit can never succeed to the experience rating of another unit.

In the case of C. A. Lund & Co. v. Rolfe, 93 N.H. 280, 41 A.2d 226, 227, the court states the rule to be that:

"The question to be decided is whether or not the partnership is entitled to succeed to the merit rating of the corporation. It is argued by the plaintiff that 'the same personnel continue to carry on the same manufacturing business as before and it is not fair or just that the partnership should be denied the merit rating experience of the corporation.' The short answer to this argument is that the statute contains no provision for the transfer of the merit rating of one employer to another, and the question of the justice or the fairness of the present arrangement is for the Legislature to determine. In order to grant the relief prayed for it would be necessary for the Court, in effect, to write into the statute a new provision authorizing such transfer, which would clearly transcend the limits of judicial power.

"It is stated in the defendant's brief and not controverted by the plaintiffs, that the laws of forty-two states now provide for experience ratings and that thirty-eight of these statutes make provision for transfers of experience ratings from one employer to another in certain cases. This fact lends added force to our conclusion that relief in such cases must be sought from the Legislature rather than from the courts."

Numerous decisions of other states hold that transfer of experience between employing units under unemployment compensation acts must be provided for in such acts, and that from such provisions it must be determined whether the succession will be allowed. Ned's Auto Supply Co. v. Michigan Unemployment Compensation Commission, 313 Mich. 66, 20 N.W.2d 813; El Queeno Distributing Co. v. Christgau, Minn., 21 N.W.2d 601; Tyler v. Huiet, Ga.Sup., 36 S.E.2d 358; Schwob Mfg. Co. v. Huiet, 69 Ga. App. 285, 25 S.E.2d 149.

In order for appellant to be deemed a "single employing unit" and entitled after its reorganization on January 1, 1945, to the experience rating of the prede-

cessor five-member partnership, it must have complied with all applicable conditions of Subsection 5 (c) (7). The first two of these conditions provide that the successor "shall be deemed to be a single employing unit if the Commission finds that (i) immediately after such change the employing enterprises of the predecessor employing unit or units are continued solely through a single employing unit as successor thereto; and (ii) immediately after such change such successor is owned or controlled by substantially the same interests as the predecessor employing unit or units." Appellant contends that the Commission need only find that one of these first two conditions be met or satisfied. Condition (i) was not met, because the record shows that the employing enterprises of the predecessor (five-member partnership) were a store at Huntsville, Texas, and a motor company at Trinity, Texas. These were not continued solely through the appellant as successor, because the motor company at Trinity, Texas, was continued through Calihan as an individual and as a distinct and separately owned and controlled employer unit. Under similar facts and identical or similar statutes the courts of other states have ruled that condition (i) was not met or satisfied. Ned's Auto Supply Co. case, supra; El Queeno Distributing Co. v. Christgau, Minn., 21 N.W.2d 601.

Section 18(c) (6), (A), Clauses (a) and (b), of the Illinois Unemployment Compensation Act, Ill.Rev.Stat. 1945, c. 48, § 234, (c) (6) (A) (a, b), is identical to Subsection (c) (7), (i) and (ii) of our Act. In the Billett case, supra, the court was presented with the question of whether or not a successor who had not met both of the first two conditions was entitled to the experience rating of its predecessor. The court held that [389 Ill. 454, 59 N.E. 815]:

"* * * Appellee concedes that the partnership and the corporation were on February 28, 1942, involved in a reorganization within the meaning of section 18 (c) (6) of the Unemployment Compensation Act. Appellee also further concedes that the conditions of clause (a) of said subsection have been met. However, in order for appellants to obtain the benefit of the employment experience of the predecessor corporation in computing their contribution rate for 1943, the requirements of clause (b) of said subsection * * * must also be satisfied. * * *."

See also Lindley case, supra, and Arado v. Keitel, Mo.Sup., 182 S.W.2d 176.

Conditions (i) and (ii) of our Act should be construed conjunctively rather than disjunctively as contended for by appellants. In making this contention appellants insist that the word "and" between (i) and (ii) should be read "or" in order to give the Act its true meaning. It will be observed that the Legislature used the word "and" between each of the four conditions to be met in order to entitle a successor single employing unit to the experience rating of a predecessor employing unit or units. These conditions should be treated in the conjunctive unless a contrary construction is plainly indicated. This is in accord with the case of Board of Insurance Com'rs. of Texas v. Guardian Life Ins. Co. of Texas, 142 Tex. 630, 180 S.W.2d 906, wherein the Supreme Court quotes with approval the concise rule given in 3 C.J.S. at p. 1068, as follows:

"Ordinarily the words 'and' and 'or' are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, and the latter, of a disjunctive, nature. Nevertheless, in order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word 'and' is sometimes construed to mean 'or'. This construction, however, is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done in order to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in an absurdity; or would be tantamount to a refusal to correct a mistake."

Under this rule "and" can be construed as "or" only if the context of the statute under construction strongly favors the conversion. There is nothing in the context of Subsection 5(c) (7) which shows any strong

reason, or any reason, for construing the word "and" connecting conditions (i) and (ii) as "or."

The experience rating of any business within the purview of the statute is in reality based upon what has been done over the three-year period toward the stabilization of employment. The right to transfer experience from predecessor to successor business is that the factors of stabilization entitling the predecessor to experience rating will be present in the successor business. Two of these factors of stabilization of employment were dealt with by (c) (7) (i) and (ii), namely, ownership and control of the property and business of the predecessor by the successor employing unit, and the nature of the employing enterprises involved.

The success of any business depends largely upon the attributes and ability of its owners, and each person having an interest is deemed to be instrumental in the successful operation of the business and in the maintenance of employment. This is true to the extent that the withdrawal from a business of an individual who owns a substantial interest will constitute the successor or successors of another and different employer or employers with distinct individualities and characteristics, and whose ability to maintain employment can be measured only by the future. In such instances all that remains would be the continuity of the business, but not its ownership or liability. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348. It is for these reasons that the Legislature made it a prerequisite that the successor employing unit be owned or controlled by substantially the same interests as the predecessor, in order for the successor to succeed to experience rating of the predecessor.

The nature of the employing enterprise is likewise an important factor in the stabilization of employment. Some types of businesses lend themselves to stabilization of employment. The Legislature undertook by Subsection 5(c) (7) to transfer the experience rating of the predecessor only if the employing enterprise of the predecessor were continued solely through the successor as a single employing unit. Manifestly the appellant successor does not possess the same factor for developing an experience rating as did its predecessor, which operated not only a store at Huntsville, but also a motor business at Trinity. Thus appellant does not possess the same factors for developing a future experience as its predecessor would have if it had continued in business.

In the case of El Queeno Distributing Co. v. Christgau, supra, [21 N.W.2d. 603] the court was dealing with an employing unit of several enterprises reorganized so that the employing enterprises were continued through three employing units; and in applying a statute similar to Subsection 5(c) (7), the court stated:

"* * * Three separate entities survived this reorganization. Each operates a different business in a different locality. It can scarcely be said that all three have and will continue to have common denominators of stability, assets, liabilities, or prospects —factors no doubt considered by the legislature when it enacted the foregoing section."

From our foregoing discussion of the factors relating to the stabilization of employment, we think it clear that the Legislature intended the conditions of both (i) and (ii) should be met before a successor enterprise could succeed to the experience rating earned by its predecessor enterprise or enterprises. Each of these conditions is essential to the purpose to be achieved by the Act (stabilization of employment) and each must be satisfied before the experience of one enterprise may be succeeded to by another. We, therefore, see no good reason why the word "and" connecting conditions (i) and (ii) of 5(c) (7) of the Act should be read as "or".

The judgment of the trial court is affirmed.

Affirmed.