Strafford,
June 28, 1949. } No. 3766.

SEAVEY HARDWARE COMPANY, INC.

*v.*

WILLIAM H. RILEY, *Commissioner of Labor.*

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the plaintiff.

*F. Maurice LaForce* (by brief and orally), for the defendant.

JOHNSTON, J. The cases of *Lund Company* v. *Rolfe*, 93 N. H. 280, and *Sulloway* v. *Rolfe*, 94 N. H. 85, held that the unemployment compensation statute as it was prior to 1945 contained no provision for the transfer of the merit rating of one employer to another.

As a result of these decisions, the Legislature in 1945 amended section 6 of chapter 218 of the Revised Laws by adding at the end a new subsection F, which deals with successorship among employers (Laws 1945, *c.* 138, *s.* 16). This subsection in part is as follows:

"F. *Successorship.* For the purposes of subsections D and E of this section, an employing unit which acquires the organization, trade, or

business, or substantially all of the assets thereof, of any employer, excepting, in any such case, any assets retained by such employer incident to the liquidation of his obligations (whether or not such acquiring employing unit was an employing unit within the meaning of section 1-G of this chapter prior to such acquisition), and who intends to continue such organization, trade or business, immediately shall notify the commissioner thereof, and shall assume, for the purpose of liability, the position of such employer with respect to such employer's separate account, actual contribution and benefit experience and annual pay rolls, as if no change with respect to such separate account, actual experience and pay rolls had occurred and with the same effect for such purpose as if the operations of such employer had at all times been carried on by such employing unit. Such separate account shall be transferred by the commissioner to such employing unit and, as of the date of such acquisition, shall become the separate account or part of the separate account, as the case may be, of such employing unit, and the benefits thereafter chargeable to such employer on account of employment prior to the date of such acquisition shall be charged to such separate account."

It should be noted that in adopting the above subsection 6-F, the Legislature rejected that type of statute which provided that successorship for the purposes stated in subsections 6-D and 6-E was established by the acquisition of an organization, trade or business or all or a part of the assets thereof. It is stated in the brief of the defendant that when the Legislature in 1945 provided for the transfer of merit rating to successors in certain cases, some thirty-eight states had already passed such statutes. Of these, four states provided that an acquisition of "all or a part thereof" was sufficient. Thirteen states required an acquisition of "substantially all" and eighteen states allowed successorship only if the trade, business or "all" of the assets of the predecessor were acquired.

The plaintiff does not claim that on October 31, 1946 Thomas C. Dunnington acquired the organization, trade or business, or substantially all of the assets thereof of the Fountain partnership, for which the defendant then maintained one separate account and which then had a merit rating of .5%. Its position is stated as follows: "The plaintiff maintains that the partnership of Hawley E. Fountain and Hugh G. Fountain comprised two 'employing units.' One of these units was the Seavey Hardware Company. The other unit was Young's Hardware Store. Each of these units was itself an 'employer' under the Act." It is said that the plaintiff is entitled to the merit

rating enjoyed by the Dover store when it was controlled by the Fountains.

This argument ignores the express provision contained in R. L., c. 218, subsection 1-G: "All individuals performing services within this state for any employing unit which maintains two or more separate establishments within this state shall be deemed to be employed by a single employing unit for all purposes of this chapter." The Fountain partnership, although it had two separate stores or establishments in Dover and Exeter respectively, was a single employing unit and so one employer. *Cartersville Candlewick* v. *Huiet*, 50 S. E. (2d) Ga. 647. It is clear that the terms of subsection 1-G in the definition of an employing unit expressly include a partnership and neither expressly nor by implication refer to a store in and of itself as an employing unit. This definition is as follows: " *'Employing unit'* means any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has or subsequent to January 1, 1935, had in its employ one or more individuals performing services for it within this state . . . ." The mere fact that the store was operated under the particular trade name of "Seavey Hardware Company" did not make the store a "type of organization" within the meaning of subsection 1-G. The Dover store itself was not an employing unit or employer within the meaning of the Act and had no merit rating that could be acquired by Thomas C. Dunnington.

The plaintiff's position is fallacious in stating that the Seavey Hardware Company was one employing unit and that the other was Young's Hardware Store. Employing unit is defined in terms of the individual or type of organization behind a trade or business rather than in terms of the physical units and the economic features of the enterprise. In *Sulloway* v. *Rolfe, supra,* 87 the theory that an employing unit was the same because the organization of a certain law office was the same and it was fair to say that there was identity of enterprise and other business and economic factors, was rejected. It was held that since there was a change in the personnel of the partnership, the employing unit was new and that under the statute as it then was the new partnership was not entitled to the merit rating of its predecessor. So, in the present case, the contention that the Dover store was an employing unit cannot be accepted. The employing unit was the Fountain partnership, which also owed the store in

Exeter. It has sometimes been stated that the phrase "employing unit" is defined in terms of the venturer rather than of the venture. By employing unit is meant the master rather than the servants, the owner rather than the business, the one ultimately liable for the obligations of the organization.

The claim of plaintiff that the defendant "should have divided Fountain's account into two sections, one applicable to each establishment," is error. The statute provides for a separate account for each employer and accordingly for a separate rating for each. "Separate Accounts. The commissioner shall maintain a separate account for each employer and shall credit his account with all contributions paid by him or on his behalf. . . . " Subsection 6-C. These merit rating accounts are not severable, nor can a part of the account of the transferor be carried forward by the successor. *Cartersville Candlewick* v. *Huiet, supra; Ned's Auto Supply Co.* v. *Commission,* 313 Mich. 66; *El Queeno Distributing Company* v. *Christgau,* 221 Minn. 197. The accounts and ratings cannot be multiplied to correspond to the severable portions of an employer's organization, trade or business, either during his ownership or at the time of acquisition of a portion by another or others. If the requirements of subsection 6-F are complied with the successor gains the merit rating of the transferor. Otherwise, he gets no such rating with his transfer. The Act does not contemplate the great burden that would be cast upon the defendant by a holding that accounts should correspond to establishments rather than to employers. Also, no provision is made for dividing a merit rating at the time of the acquisition of a part of the assets of an employer, so that two shall be created out of the one that existed. The provision of subsection 6-F that upon transfer of an account it shall become "the separate account or part of the separate account, as the case may be" of the successor, does not indicate that the latter shall in any case have two merit ratings. He shall have only one account of which the transferred account shall be a part. The defendant has provided for recomputation of the rate of contributions applicable to the account of a transferee in Regulation No. 25.

The plaintiff tries to support his position that the Dover store was an employer and should have had its own account and merit rating by reference to paragraph 1-H-5. This gives one of the definitions of employer as follows: "Any employing unit which, together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interests, or which owns or controls one or more other employing

units (by legally enforceable means or otherwise), and which, if treated as a single unit with such other employing units or interests, or both, would be an employer under paragraph (1) of this subsection." It is said that this provision recognizes that an employer may consist of more than one employing unit and that each of the latter may be an employer under paragraph 1-H-1. Such recognition is limited to the purpose of the paragraph. The purpose of paragraph 1-H-5 was to define additional circumstances (other than those stated in paragraph 1-H-1 and other paragraphs of subsection 1-H) for ascertaining an "employer," not to establish a second employer for the same business. These circumstances define an "employer" but not the plural "employers," for which the plaintiff contends. The circumstances do not apply to the present case. The Fountain partnership was an employer under paragraph 1-H-1, which is as follows: "Any employing unit which in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current of the preceding calendar year, has or had in employment, four or more individuals, irrespective of whether the same individuals are or were employed in each such week." It has already been decided that the Dover store was a separate establishment of the Fountain partnership and not an employing unit. If this paragraph 1-H applies to a given situation so that an employer is determined in connection with a certain organization, trade or business, there can be no occasion under the Act to look for another employer. For each business, account and merit rating there is but one employer although he may operate more than one establishment; for each employer only one set of contributions is required.

*Judgment for the defendant.*

All concurred.