## Richmond

ROGERS JEWELRY CORPORATION OF NORFOLK, ET AL. V. UNEMPLOYMENT COMPENSATION COMMISSION OF VIRGINIA.

January 20, 1958.

Record No. 4733.

Present, All the Justices.

The opinion states the case.

*Norris E. Halpern,* for the appellants.

*J. Eldred Hill, Jr., Assistant Attorney General (J. Lindsay Almond, Jr., Attorney General,* on brief), for the appellee.

WHITTLE, J., delivered the opinion of the court.

This appeal involves the construction of certain sections of the Virginia Unemployment Compensation Act (Va. Code, 1950, Title 60). The controversy arises out of the contention of Rogers Jewelry Corporation of Norfolk, Rogers Jewelry Corporation of Newport News, Rogers Jewelry Corporation of Portsmouth, Rogers Jewelry Corporation of Granby, Rogers Jewelry Corporation of Lakeland, and Edward Einhorn, individually and trading as Rogers Jewelry

Company, that they collectively constitute a single employer under the Act and consequently should receive a single contribution rate under its provisions. (Article 2, Chapter 5.)

The commission ruled that each of the employing units constituted a separate employer and that the contribution rate for each should be separate and calculated on the basis of its individual employment experience.

From this ruling, pursuant to § 60-59, Virginia Code, 1950, appellants filed a petition in the Chancery Court of the City of Richmond seeking a judicial review of the commission's order and requesting a reversal thereof. The Attorney General filed an answer to the petition and after a hearing on the issues joined the trial court entered a decree affirming the commission's ruling, from which we granted an appeal. (§ 60-59, Code, 1950.)

For the sake of brevity, the appellants will be referred to as Rogers; the Unemployment Compensation Commission as the commission, and the Virginia Unemployment Compensation Act, Title 60, Code of Virginia, 1950, as the Act.

Rogers states the question involved as follows: "Under the provisions of the * * * Act are your appellants to be rated for contributions under the merit rating provisions of the Act as separate employers, or are they entitled to a single rate applicable to all of them collectively?"

The facts are not in dispute. The five corporations and the sole proprietorship are owned and controlled by the same interests. Rogers Jewelry Company, the proprietorship, operates two stores and is owned by Edward Einhorn. Rogers Jewelry Corporation of Norfolk, incorporated on October 5, 1953, has fifty shares of stock of $100 par value, forty-eight of which are owned by Edward Einhorn, one share by his wife and one by Philip Cohen. The three stockholders are the directors of the corporation.

The other four corporations have the same capital structure, Einhorn owning forty-eight shares, his wife one share and the remaining share being in the name of a relative or close friend of Einhorn's. The stockholders in each instance compose the board of directors.

Each of the corporations operates one store with the exception of Rogers Jewelry Corporation of Granby which operates two. All are engaged in the retail installment jewelry business. The Corporations and the proprietorship are independent businesses but Einhorn establishes the policies, does the purchasing, handles the advertising

and acts as the general director. The personnel of the various companies is sometimes transferred from one location to another. Separate records, however, are maintained for each business.

Einhorn, trading as Rogers Jewelry Company, has been liable as an "employer" under the Act since July, 1948. The liability attached to the proprietorship by virtue of acquisition, it being liable at the time of purchase (§ 60-12(2)) by reason of the fact that the company employed eight or more persons in some portion of twenty or more weeks. (§ 60-12(1))

It is stipulated and agreed that all of the units were covered under the provisions of the Act, and that specifically they were liable under the provisions of § 60-12(4) which provides:

"Employer means: * * *

"(4) Any employing unit which together with one or more other employing units, is owned or controlled, by legally enforceable means or otherwise, directly or indirectly by the same interests, or which owns or controls one or more other employing units, by legally enforceable means or otherwise, and which if treated as a single unit with such other employing unit, would be an employer under paragraph (1) of this section."

The ultimate question is, as aforesaid, whether each of the employing units is an employer under the Act or whether they collectively constitute a single employer, the difference being that if all units constitute but a single "employer" then only one rate can be issued under the merit rating provisions. On the other hand, if each of the units is a separate "employer" then each unit is required to be rated individually in accordance with its unemployment experience.

Under the commission's reasoning there is a definite distinction in the unemployment compensation laws generally, and under the Virginia Act, between an "employer" and an "employing unit". An employing unit is any individual or type of organization which employs one or more individuals but which may or may not be an employer. An "employer" under the Act is an employing unit which meets one or more of the seven definitions set forth in § 60-12.[1]

---

1 "§ 60-12. EMPLOYER.—'Employer' means:

"(1) Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment eight or more individuals, irrespective of whether the same individuals are or were employed in each such day;

Once an employing unit becomes an employer it becomes covered under the Act and hence liable for the involuntary contribution prescribed therein.

An employing unit is defined in § 60-13 as "* * * (A)ny individual or type of organization, including any partnership, association, trust, estate, joint stock company, insurance company or corporation, whether domestic or foreign, * * * which has or subsequent to January first, nineteen hundred thirty-six, had in its employ one or more individuals performing services for it within the State. * * *"

Clearly, each of the corporations and the proprietorship here involved is separately "an employing unit". Section 60-12(4) is referred to as the "affiliate clause." This section was designed to combine all employing units owned or controlled by the same interests and to treat them collectively as if they were a single unit for the purpose of establishing their coverage under the Act. This is conceded by Rogers to apply to the companies here involved.

In the instant case none of the employing units except the proprietorship has had a sufficient number of employees for the required period of time to be subject to the Act. Thus the coverage of the five corporations and the proprietorship, being under common owner-

---

"(2) Any employing unit which acquired the organization, trade, separate establishment or business or substantially all the assets thereof, of another which at the time of such acquisition was an employer subject to this title;

"(3). Any employing unit which acquired the organization, trade or business, or substantially all the assets thereof, of another employing unit and which, if treated as a single unit with such other employing unit, would be an employer under paragraph (1) of this section;

"(4) Any employing unit which together with one or more other employing units, is owned or controlled, by legally enforceable means or otherwise, directly or indirectly by the same interests, or which owns or controls one or more other employing units, by legally enforceable means or otherwise, and which if treated as a single unit with such other employing unit, would be an employer under paragraph (1) of this section;

"(5) Any employing unit which, having become an employer under paragraphs (1), (2), (3), or (4) of this section, has not, under § 60-83, ceased to be an employer subject to this title; or

"(6) For the effective period of its election pursuant to § 60-84, any other employing unit which has elected to become fully subject to this title; or

"(7) Any employing unit which for some portion of a day within the current calendar year has or had in employment one or more individuals; provided, that this paragraph shall be effective only from the time such employing unit shall be subject to the pay roll tax imposed by section sixteen hundred of the Federal Internal Revenue Code or to any other federal tax against which credit may be taken by such employing unit for contributions paid into a State unemployment compensation fund. * * *".

ship and control, were brought within the purview of the Act under the affiliate clause (§ 60-12(4)) by the commission.

The contention here urged by Rogers is that all of these units constitute but a single employer since the employees of the various corporations had to be grouped together with one or more of the other units and treated as a single unit in order to establish their liability. This being so, Rogers argues, they should continue to be considered collectively and treated as a single employer for other purposes of the Act, particularly for the rating purposes here involved.

The commission, treating this argument in its opinion, says:

"The affiliation clause has been a part of the Virginia Act since its passage in 1936. During the ensuing twenty years this statute has been frequently applied and uniformly administered. With the exception of one unsuccessful attack upon its constitutionality, its validity and its application have not been questioned. The question raised in this proceeding has consequently prompted serious study and exhaustive research.

"On first impression the contention of these employers is not devoid of surface plausibility. However, after careful analysis of the statutes involved, the past administrative practice, and the authorities from other jurisdictions, this Commission has concluded that the contention is without basis in the provision of the Virginia Act and contrary to the reasoning of sound authority."

We agree with this conclusion. When we consider § 60-12, set out in the margin, we see that it says "Employer means", after which seven subsections follow, five of which begin with the words "Any employing unit which". And the particular subsection here involved ((4)) uses the term "any employing unit", which together with one or more other employing units is owned or controlled by the same interests or which owns or controls one or more other employing units and which if treated as a single unit with such other employing units would be an employer under subsection (1). And subsection (1) of § 60-12 defines an employer as "any employing unit", having in its employment eight or more persons for some portion of a day in twenty or more weeks, etc.

The statute defines an employer as "any employing unit", not (plural) "units", which can be affiliated, etc. Had the legislature intended to define an employer as "any employing units", in the plural, it could and would have done so.

In considering this question the New Jersey Supreme Court, con-

struing an affiliation clause identical with the Virginia section (60-12(4)), said:

"The language of R. S. 43:21-19(h)(4) is clear, plain and definite. It simply means, when read with subdivision (h)(1), that an 'employing unit' became an 'employer', in 1941, subject to the law and required to pay contributions, where it, together with another 'employing unit', was owned or controlled by the same interests, or where it owned or controlled another 'employing unit', and where the first 'employing unit' if treated as a single entity with the second, i.e., by adding together the employees of both for this purpose, thereby achieved the 'employment' of eight or more individuals in each of twenty different weeks within the current or preceding calendar year. Subdivision (h)(4) is factually applicable only where the entity sought to be taxed, i.e., the first 'employing unit', employs less than the requisite number. Its operation determines subject status solely; once an entity with less than eight employees is thereby found to be subject to the law, it pays contributions only with respect to its own actual employees and not also with respect to the employees of the other unit combined with it for the single, preliminary purpose of determining whether it is subject to the law. Conversely, the second unit, if also qualifying as a subject 'employer', pays contributions only concerning its own actual employees." *Hillside Holding Corp.* v. *Division of Employment Security*, 32 N. J. Super. 57, 107 A. 2d 717 (1954).

In *Ned's Auto Supply Co.* v. *Michigan Unemployment Compensation Commission*, 313 Mich. 66, 20 N. W. 2d 813, involving an affiliate clause substantially similar to § 60-12(4), and which involved a question where two corporations had been formed to carry on a business which had previously been a co-partnership, with the former partners owning the stock of the two corporations, the court said:

"It is clear that the two corporations could not qualify as a single employing unit under the provisions of said section 22 a (1), (2) and (3), unless their corporate entities were disregarded. Plaintiffs argue that because the five partners continued as owners of the corporate stock of the two corporations and as directors and officers thereof, the corporate entities should be disregarded and they should be considered as a single employing unit. We cannot agree with this argument, because plaintiff corporations are two separate and distinct legal entities, and, therefore, two separate employers."

And again, in *El Queeno Distributing Co. et al. v. Christgau, Director of Division of Employment and Security*, 221 Minn. 197, 21 N. W. 2d 601, where two corporations and a co-partnership under common ownership and control, advanced the contention made here by Rogers, the court said:

"Relators assert that, since under § 268.04, subsection 10, all employing units controlled by the same interests are to be treated as a single unit for the purpose of determining the controlling unit's subjectivity of the Act, it must follow that all such units are entitled to the experience of the controlling unit. An examination of § 268.04, subsection 10 however, indicates that its purpose is to define the term 'employer' in such a manner as to prevent subject employers from escaping liability for contributions under the Act by splitting their organizations into various parts. It has no reference to the objectives here sought by relators."

In this instance Einhorn chose his way of doing business for reasons satisfactory to himself. He could have created one corporation and operated all the stores involved as one employing unit. But instead, he created separate corporations, which, together with the proprietorship, under the affiliation clause (§ 60-12(4)), become a single employing unit.

The employing unit is not the physical structure under which the business functions or performs but rather the legal entity for which the employees are performing services.

We agree with the opinion of the commission wherein it is said:

"The views presented here and the conclusions reached are in keeping with the general intent of the Unemployment Compensation Act * * *. Corporate organization has been regarded objectively and realistically. The statutes by which this Commission must be guided have been applied reasonably and their construction has not been strained. In the twenty years during which these same statutes have been administered the rights of a vast number of Virginia employers have been affected and their liability and rate status have been determined uniformly in accordance with conclusions here set forth. During this time the General Assembly has not seen fit to alter this interpretation in any respect. * * *Dan River Mills v. U. C. C. of Virginia and Carolyn P. Jones*, 195 Va. 997, 81 S. E. 2d 620."

For the reasons stated the decree of the trial court approving the decision of the commission is

*Affirmed.*