Robert Bernstein, M.D., F.A.C.P. Commissioner Texas Department of Health 1100 West 49th Street Austin, Texas 78756
Re: Whether a foreign corporation may receive a permit to prescribe and administer synthetic narcotic drugs to drug-dependent persons
Dear Dr. Bernstein:
You have requested an interpretation of article 4476-11, V.T.C.S., which relates to the regulation of the use of synthetic narcotic drugs in the treatment of drug-dependent persons. Specifically, you inquire whether a foreign corporation that holds a certificate of authority from the Texas Secretary of State, having met all other requirements for permitting, may receive a permit to prescribe and administer synthetic narcotic drugs to drug-dependent persons. We conclude that the statute does not authorize the issuance of such a permit to a corporation that is incorporated in another state. We assume that your question goes only to matters of statutory construction, and consequently, we address no constitutional issue.
Section 4 of article 4476-11, which was enacted in 1971 by House Bill No. 139 of the Sixty-second Legislature, states that:
 Any physician licensed by the Texas State Board of Medical Examiners or any institution, public or private, organized and operated under the laws of this state for the purpose of providing health services may apply to the department on forms approved by the department for a permit to prescribe and administer synthetic narcotic drugs to drug-dependent persons. The department shall issue a permit to applicants qualified according to its rules, regulations, and standards. (Emphasis added).
House Bill No. 139 was patterned after a similar bill enacted by the Oregon Legislature in 1969 but was rewritten by a house committee substitute. The language of section 4, which originated in the house committee substitute, remains unchanged today, even though section 4 was reenacted in 1985 by the Sixty-ninth Legislature to authorize the collection of fees for the administration of the act. Acts 1985, 69th Leg., ch. 931, art. 7, § 2, at 6797-98.
The legislature authorized the issuance of a permit to an institution that is organized under the laws of this state and operated under the laws of this state. Those conditions should be construed conjunctively rather than disjunctively unless a contrary construction is plainly indicated.
In Board of Insurance Commissioners of Texas v. Guardian Life Insurance Co. of Texas, 180 S.W.2d 906, at 908 (Tex. 1944), the Texas Supreme Court quoted with approval the following rule:
 Ordinarily the words `and' and `or,' are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature. Nevertheless, in order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word `and' is sometimes construed to mean `or.' This construction, however, is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done in order to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in an absurdity; or would be tantamount to a refusal to correct a mistake.
See also White v. State, 197 S.W.2d 389, 393 (Tex.Civ.App.-Austin 1946, writ ref'd n.r.e.).
We find no indication that the legislature does not intend that an institution be in compliance with both conditions. To the contrary, it is our opinion that the language used by the legislature plainly indicates an intention to require an institution to be both organized under the laws of this state and operated under the laws of this state in order to be eligible for a permit to prescribe and administer synthetic narcotic drugs under this act.
An incorporated institution is organized under the laws authorizing its incorporation. A foreign corporation is a corporation "organized under laws other than the laws of this state." Tex.Bus.Corp. Act, art. 1.02(A)(2); art. 8.01(A). Even if a corporation holds a certificate of authority from the secretary of state and operates in this state in compliance with the Medical Practice Act (V.T.C.S. art. 4495b), and under the other laws of this state, the corporation complies with only one of the statutory requirements. Since a foreign corporation is not organized under the laws of this state, it cannot meet the second statutory condition.
We do not address issues in this opinion that are not included in your question, such as the practice of medicine in Texas by corporations or the exercise of the police power of the state to deny a permit to a foreign corporation. But see Garcia v. Texas State Board of Medical Examiners, 384 F. Supp. 434 (W.D.Tex. 1974), aff'd, 421 U.S. 995 (1975) (upholding Texas statutes that prohibited lay-controlled corporate practice of medicine as a reasonable exercise of the police power of the state); Thompson v. Texas State Board of Medical Examiners, 570 S.W.2d 123
(Tex.Civ.App.-Tyler 1978, writ ref'd n.r.e.) (power of state to regulate practice of medicine under state's police power); Attorney General Opinion 0-5116 (1943) (state may refuse license to sell beer or wine to foreign corporation in exercise of its police power).
 SUMMARY
Section 4 of article 4476-11, V.T.C.S., does not authorize a foreign corporation to receive a permit to prescribe and administer synthetic narcotic drugs to drug-dependent persons.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Nancy Sutton Assistant Attorney General