## SAFEWAY STORES, INC., OF TEXAS, v. SHEPPARD, Comptroller, et al.
### No. 9203.

Court of Civil Appeals of Texas. Austin.
Dec. 31, 1941.

Rehearing Denied Jan. 21, 1942.

Russell V. Rogers, Jr., and Clark & Rice, all of Dallas, for appellant.

Gerald C. Mann, Att'y. Gen., and Cecil C. Rotsch and Billy Goldberg, Asst. Attys. Gen., for appellees.

McCLENDON, Chief Justice.

This suit involves the validity and construction of the Chain Store Tax Act, Chap. 400, Acts 44 Leg., 1st C.S.; Vernon's Texas Penal Code 1936, Art. 1111d, §§ 1–11, as applied to subsidiary corporations; that is, corporations the majority of each of whose capital stock is owned by another corporation or individual. The tax involved is for the year 1940.

The trial was to the court upon agreed facts, substantially stated as follows:

The plaintiff, Safeway Stores, Inc., of Texas, a Texas corporation, owned and operated 167 retail grocery stores in Texas. Western States Grocery Company, a Nebraska corporation with a permit to do business in Texas, owned and operated 10 "wholesale grocery warehouses" in Texas, "its primary business being the warehousing in wholesale lots of groceries to be sold on order to plaintiff corporation, a small fraction of its business during the year 1940 being the sale of groceries in each of said warehouses at wholesale to retail grocers other than plaintiff." Safeway Stores, Inc., a Maryland corporation, owned 97% of the stock of plaintiff and 97% of the stock of the Nebraska corporation. The Maryland corporation has never had a permit to do and has never done any business in Texas of any kind whatsoever, unless its aforesaid stock ownership constitutes its doing such business. There was no duplication of officers, directors, or em-

ployees in either of the three corporations. The business affairs of plaintiff and the Nebraska corporation were conducted and directed as to each by its own officers and directors. Each had minority stockholders holding no stock interest in the other.

The Comptroller originally demanded of plaintiff as a prerequisite to issuance of license under the Act, $108,420.50, the amount of filing fees and taxes computed on the basis of 177 stores. Plaintiff paid unconditionally $100,915.50, the proper amount computed on the basis of 167 stores, and paid the balance demanded ($7,168) under protest. To recover which it seasonably brought this suit under authority of Vernon's Ann.Civ.St. Art. 7057b. After making the payment, plaintiff made demand on the Nebraska corporation for the $7,168, which demand was refused. The Nebraska corporation tendered the Comptroller $337, the proper amount under the Act computed on the basis of 10 stores. The tender was refused, and that corporation has not paid any part of the 1940 tax.

Subsequently to the filing of the suit the Attorney General rendered to the Comptroller an opinion holding that the total tax due under the Act should be apportioned among subsidiaries in the proportion that the number of their respective stores bears to the total number of stores in the chain. Plaintiff was then refunded $5,788.43, leaving only $1,379.57 still in controversy. The judgment denied recovery, and plaintiff has apealed; and here asserts error in rendering judgment denying recovery under four points, because:

1. The Act does not provide expressly or impliedly for a proportionate allocation of the total tax due among the separate owners.

2. The collection of $102,295.07 from plaintiff is contrary to the express provisions of Sec. 5 of the Act.

3. Collection from plaintiff of the additional $1,379.57 is violative of the due process of law provisions of the State and Federal Constitutions.

4. Sec. 6 of the Act is unconstitutional in failing to specify the extent and proportion of liability of a subsidiary corporation.

■ The validity of the Act has already been upheld in Chain Store Tax Cases (Hurt v. Cooper and McCraw v. S. H. Kress & Co.), 130 Tex. 433, 110 S.W.2d 896, and in Butt Grocery Co. v. Sheppard, Tex.Civ.App., 137 S.W.2d 823, error refused. In the latter case plaintiff's above point 4 was urged and expressly overruled.

■ The third point, to the effect that exacting the additional sum constituted a taking of plaintiff's property without due process of law, seems to be predicated solely upon the proposition that the Act does not expressly provide for allocation of the total tax among subsidiaries, nor for their joint or several liability for the entire tax. It is not contended that the legislature was without power to provide for such allocation or joint or several liability. Such power is conceded, at least arguendo. We are unable to perceive upon what ground the additional tax could be held a taking of plaintiff's property without due process of law merely because the Act does not expressly impose a liability which the legislature had power to impose, and which it did impose by necessary implication under proper construction of the language it employed. This issue was implicit in the Butt case; and that decision upholding the provisions of the Act here in question, necessarily foreclosed that issue against plaintiff's contention. In that case the entire amount of the tax was paid by the two corporations, the excess over the amount each would have to pay under computation based on the number of stores it operated, was paid under protest and sued for. The provisions of the Act here in question were held valid and recovery was denied. If they had been held invalid for any reason, recovery would have been awarded. The only material difference between that case and this is that there the excess tax was paid by the two companies jointly, and therefore no question regarding the extent of liability of each was involved. Necessarily implicit in the decision, however, was the holding that the two corporations together were liable for the entire tax. The only question left open for decision which now concerns us was the extent of liability of the individual subsidiaries.

Under points 1 and 2 plaintiff contends that since the Act does not provide for apportionment of the tax among subsidiaries; and since Sec. 5, the only provision of the Act which expressly names the taxpayer, or deals with the question of who shall pay the tax, sets out a schedule based upon the number of stores owned, etc., by the taxpayer named therein, there is no basis in the Act for the allocation made by the

Comptroller; that such allocation is purely arbitrary; and that the excess retained by the Comptroller can not therefore be legally withheld. It is manifest that under the Butt case holding plaintiff is liable either for the full amount of the tax or for a proportionate part thereof determined upon some proper bases. The fact that the Act is silent in this respect was held in the Butt case not to invalidate it and the subsidiaries taken together were there held to be liable for the entire tax. We think this holding follows from the wording of the Act itself. Sec. 6 reads: "The provisions of this Act shall be construed to apply to every person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, which is controlled or held with others by majority stock ownership or ultimately controlled or directed by one management or association of ultimate management."

██ This provision is all-inclusive in its language, and necessarily applies to Sec. 5, so as to require that the two sections be read together. So read the total amount of the tax must be computed upon the basis of the total number of stores owned, etc., by all the subsidiaries; and the taxpayer is the " * * * corporation * * * which is controlled or held with others by majority stock ownership," etc. This language clearly imposes liability upon the subsidiary.

The State is not contending that plaintiff is liable for the full amount of the tax, consequently we are not called upon to decide whether the Act may properly be so construed. The only issue here is whether the apportionment made by the Comptroller is warranted by the Act.

Once it be conceded that the subsidiaries are not each liable (jointly or severally) for the total amount of the tax, but only for a proportionate part thereof, we believe the method of allocation adopted is not only warranted, but is the only method which could fairly and reasonably be applied. The Act provides for computation of the tax solely upon the basis of the number of separate stores operated. Each store, regardless of its size, location, the amount of business it does, the profit it makes or what not is a separate unit for the purpose of computing the tax. The number of stores is the only data which the Comptroller has for computing the tax or apportioning it among the taxpayers. It

would seem therefore to follow necessarily —in the absence of legislative direction otherwise—that such proportion of the total tax should be allocated to each subsidiary as the number of its individual stores bears to the total number in the chain, as was done in this case. No other method is suggested by plaintiff, and we can conceive of none warranted by the Act as written.

The trial court's judgment is affirmed.

Affirmed.