## TEXAS UNEMPLOYMENT COMPENSATION COMMISSION et al. v. GENERAL ENGINEERING CORPORATION et al.
## No. 9729.

Court of Civil Appeals of Texas. Austin.
June 16, 1948.

Rehearing Denied July 7, 1948.

Price Daniel, Atty. Gen. of Texas, and Robert O. Koch and Charles P. Atkinson, Asst. Atty. Gen., and Joe K. Wells and C. H. Messer, both of Austin, for Texas Unemployment Compensation Commission.

Lattimore & Couch, of Fort Worth, for appellees.

RAYMOND GRAY, Justice.

This suit was brought by General Engineering Corporation and General Industrial Supply Corporation against Texas Unemployment Compensation Commission, the individual members thereof, the State Treasurer, and the Attorney General, all in their respective official capacities, to recover a sum of money paid under protest (art. 7057b, Vernon's Ann.Tex.Civ.St.) as unemployment compensation taxes. The sum of money here sued for is the difference between 2.7% of the total taxable wages paid by appellants and a favorable experience rating of 0.5%.

Prior to January 9, 1946, General Engineering Corporation was a limited partnership engaged in the engineering and construction business. As a part of such partnership business there was set up a supply or merchandise department which handled and sold industrial supplies and materials, and also furnished such supplies and materials to the construction department. The partnership was under the control of J. M. Sprekelmeyer, and, for the purpose of paying unemployment compensation taxes, had earned a favorable benefit rating of 0.5%.

On January 9, 1946, the plaintiff corporations were formed: General Engineering Corporation to take over the engineering business of the partnership, and General Industrial Supply Corporation to take over the supply business. These corporations were under the unified control of J. M. Sprekelmeyer, and taxes were assessed against them by the Commission at the rate of 2.7%, which amount was paid under protest.

A trial to the court resulted in judgment for plaintiffs. Defendants have appealed, and here present, for review, the sole question of whether or not plaintiffs are entitled to succeed to the favorable rating of 0.5% of the predecessor partnership.

The questions of law here are the same as presented in Dallas Liquor Warehouse No. 4 et al. v. State, 213 S.W.2d 147, this day decided by this court. For the reasons stated in that opinion, which is here referred to and adopted, the judgment of the trial court is affirmed.

Affirmed.