DALLAS LIQUOR WAREHOUSE NO. 4 et al. v. STATE et al.

No. 9723.

Court of Civil Appeals of Texas. Austin.

June 16, 1948.

Rehearing Denied July 7, 1948.

Emil Corenbleth, and Sam Passman, both of Dallas, for appellants.

Price Daniel, Atty. Gen. of Texas, and Robert O. Koch, Asst. Atty. Gen., for appellees.

RAYMOND GRAY, Justice.

This suit was brought by the State of Texas against Dallas Liquor Warehouse No. 4, to collect unemployment compensation taxes at the rate of 2.7% based upon wages paid, together with accrued penalties and interest, under the provisions of the Texas Unemployment Compensation Act, being art. 5221b—1 et seq., Vernon's Ann. Tex.Civ.St.

The defendant specially denied liability for taxes at the rate of 2.7%, but admitted liability to pay contributions at the rate of 0.5%, which payment it had tendered to the Texas Unemployment Compensation Commission. The Commission having refused this payment, the same was tendered into court.

At the same time like suits were filed by the State against Dallas Liquor Warehouse No. 3, Dallas Liquor Warehouse No. 1, and Waco Centennial Liquor Stores. These defendants filed answers identical with the answer of Dallas Liquor Warehouse No. 4. The four causes were consolidated and tried, as one cause, to the court upon an agreed statement of facts, wherein the parties stipulated:

On January 1, 1946, Tex Jay Cole, individually owned and operated three liquor stores at Dallas, Texas, being: Dallas Liquor Warehouse No. 1, Dallas Liquor Warehouse No. 3, and Dallas Liquor Warehouse No. 4, two liquor stores at Perry, Texas, being Waco Centennial Liquor Stores No. 1 and No. 2, and a jewelry store at Waco, Texas, under the name of Towne Jewelers.

On January 1, 1946, Tex Jay Cole received a modified rate of 0.5% for all his pay rolls, based on a favorable benefit wage ratio for the 3-year period from January 1, 1943, to December 31, 1945. This rate was used by him, with the consent of the Texas Unemployment Compensation Commission, from January 1, 1946, to February 28, 1946.

On March 1, 1946, Tex Jay Cole formed four Texas corporations for the purpose of owning and operating his five liquor stores. He controlled the four corporations by being president of each and by owning the majority of the stock in each, and still owns and operates, as an individual, the Towne Jewelers at Waco. After incorporation of the five liquor stores, the type of business, management, the pay roll and the method or scope of operations of the stores remained the same.

Each defendant has tendered the correct amount of tax based on the 0.5% rate. Subsequent to March 1, 1946, the Commission administratively determined the four corporations, together with Tex Jay Cole operating as Towne Jewelers, were a single employing unit under Sec. 17(f) (4) of the Texas Unemployment Compensation Act, Vernon's Ann.Civ.St. art. 5221b—17(f) (4), for the purpose of making them subject to the tax provisions of the Act, although only Dallas Liquor Warehouse No. 3 had more than eight employees. At the same time Commission administratively determined the four corporations, together with Tex Jay Cole operating as Towne Jewelers, were not a single employing unit under Sec. 5(c) (7) of the Act, Vernon's Ann. Civ.St. art. 5221—5(c) (7), for the purpose of allowing the successor corporations to succeed to the experience rating of 0.5% previously allowed Tex Jay Cole.

The parties stipulated the sole issue involved is whether or not the Commission is correct in its administrative interpretations.

Upon this agreed statement and stipulation the trial court rendered judgment that plaintiff recover taxes at the rate of 2.7% penalties, interest and costs. From this judgment the defendant corporations appeal.

We will refer to Texas Unemployment Compensation Act, Art. 5221b—1 to 5221b —24, V.A.T.C.S., as the Act, the sections and subsections thereof by their identify-

ing letters and numbers, and the Unemployment Compensation Commission as the Commission.

While this decision involves the application of Sec. 17(f) (4) and Sec. 5(c) (7) of the Act to the facts of this case, we will quote such other sections and subsections as we deem relevant.

The definitions as used in the Act are found in Sec. 17, and subsection (e) thereof defines "employing unit" as applicable here in the following language: " 'Employing unit' means any individual or type of organizations, including any partnership, * * * corporation * * * or successor thereof * * * which has or, subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this State. All individuals performing services within this State for any employing unit which maintains two or more separate establishments within this State shall be deemed to be employed by a single employing unit for all purposes of this Act. * * * "

Subsection (f) "Employer" means:

"(1) Any employing unit which for some portion of a day but not necessarily simultaneously, in each of twenty (20) different weeks, whether or not such weeks are or were consecutive within either the current or the preceding calendar year has or had in employment eight (8) or more individuals (irrespective of whether the same individuals are or were employed in each such day);

"(2) Any individual or employing unit which acquired the organization, trade or business, or substantially all of the assets thereof, of another which at the time of such acquisition was an employer subject to this Act;

*     *     *     *     *     *

"(4) Any employing unit which, together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise), directly or indirectly by the same interest, or which owns or controls one or more other employing units (by legally enforceable means or otherwise), and which if treated as a single unit with such other employing unit, would be an employer under Paragraph (1) of this subsection".

■ By applying the provisions of the above quoted section and subsections, the Commission determined Tex Jay Cole operating as Towne Jewelers, together with the four corporations (appellants), constitute a single employing unit for the purpose of placing them subject to the tax provisions of the Act. This was a determination by the Commission that Tex Jay Cole trading as Towne Jewelers, together with the four corporations, was a single employing unit and constituted an "employer" within the meaning of subsection 17(f) (4), and as such was subject to the tax provisions of the Act. Otherwise, only Dallas Liquor Warehouse No. 3, the only employer of eight or more persons, would be subject to the tax. We approve this interpretation by the Commission. Fleming Hospital, Inc., v. Williams, Tex.Civ.App., 169 S.W.2d 241 (Error Ref. for Want of Merit); State v. Ratliff, Tex.Civ.App., 200 S.W.2d 645 (Error Ref.); James v. Consolidated Steel Corp., Tex.Civ.App., 195 S.W.2d 955 (Error Ref.NRE).

The Commission assessed the corporation with taxes at the rate of 2.7% and refused to allow them the experience rating of 0.5% previously allowed Tex Jay Cole. "Sec. 5(d) Each employer's rate shall be two and seven-tenths per centum (2-7/10%) except as otherwise provided in this Section. No employer's rate shall be less than two and seven-tenths per centum (2-7/10%) for any year, unless and until his account has been chargeable with benefits throughout the thirty-six (36) consecutive calendar months immediately preceding the beginning of the calendar year for which rates are determined. * * * "

Sec. 5(c) (7) provides: "For the purposes of this Section, two or more employing units which are parties to or the subject of a merger, consolidation, or other form of reorganization effecting a change in legal identity or form, shall be deemed to be a single employing unit if the Commission finds that (i) immediately after such change the employing enterprises of the predecessor employing unit or units are continued solely through a single employ-

ing unit as successor thereto; and (ii) immediately after such change such successor is owned or controlled by substantially the same interests as the predecessor employing unit or units; and (iii) the successor has assumed liability for all contributions required of the predecessor employing unit or units; and (iv) the consideration of such two or more employing units as a single employing unit for the purposes of this Section would not be inequitable."

█ It is on this subjection that appellants must rely in order to succeed to the exeprience rating of Tex Jay Cole, their predecessor. Analyzing and applying this subsection to the facts here, we find Tex Jay Cole, the individual operator of five liquor stores and one jewelry store on March 1, 1946, brought about, by incorporation, a reorganization "effecting a change in legal identity or form" of the five liquor stores. Tex Jay Cole controlled the four corporations by owning the majority of stock and being president of each. In applying unemployment compensation laws, the courts of some states treat a corporation as a legal entity separate and apart from the stockholders' interest, and hold the control of the corporations is vested in the board of directors. They thus give emphasis to this control (by the directors) rather than to ownership of stock in determining whether or not the corporations are to be treated as a single employing unit because controlled by the same interest. This is the effect of the holdings cited to us by appellants, namely: El Queeno Distributing Co. v. Christgau, 221 Minn. 197, 21 N.W.2d 601 (Supreme Court of Minnesota); Ned's Auto Supply Co. v. Michigan Unemployment Compensation Com., 313 Mich. 66, 20 N.W.2d 813 (Supreme Court of Michigan); Schwob Mfg. Co. v. Huiet, 69 Ga.App. 285, 25 S.E. 2d 149 (Court of Apps.Ga.). See also Annotations in 142 A.L.R., 918, et seq., and 158 A.L.R., 1229, et seq. However, this court, with the manifest approval of our Supreme Court, has disregarded the fiction of corporate entity and has dealt with substance rather than the form of the reorganization when applying the phrase, "owned or controlled directly or indirectly by the same interest." Fleming Hospital, Inc. v. Williams [Tex.Civ.App., 169 S.W. 2d 242]; State v. Ratliff, and James v. Consolidated Steel Corporation, all supra; H. E. Butt Grocery Co. v. Sheppard, Tex. Civ.App., 137 S.W.2d 823 (Error Ref.); Safeway Stores, Inc., of Texas v. Sheppard, Comptroller et al., Tex.Civ.App., 158 S.W.2d 319 (Error Ref.).

The language: "For the purposes of this Section, two or more employing units which are parties to or the subject of a merger, consolidation, or other form of reorganization effecting a change in legal identity or form, shall be deemed to be a single employing unit * * *" was interpreted by this court in White v. State, Tex.Civ.App., 197 S.W.2d 389, 391 (Error Ref.NRE), to mean the reference in the section is to the predecessor and the successor of the reorganization " * * * which are the two employing units that are referred to and are to be considered as the one employing unit if the other conditions of the Act, are met authorizing the transfer of experience rating."

Applying condition (i) the enterprises of the predecessor (Tex Jay Cole's five liquor stores) are continued through the corporation, and disregarding the corporate entities and dealing "with the substance rather than the form of the reorganization," these corporations and Tex Jay Cole operating as Towne Jewelers are one "employing unit" as that term is defined under Sec. 17(e), supra, because, prior to the reorganization, Tex Jay Cole, an individual, was the owner of and controlled the five liquor stores and one jewelry store. These were the employing enterprises of the predecessor Tex Jay Cole. After the reorganization these employing enterprises were carried on (1) the five liquor stores by the four successor corporations, and (2) the jewelry store by Tex Jay Cole, but there was no change in the type, management, pay roll or method and scope of the business. Neither was there any change in the control of the business, for the control of the jewelry store and each corporation continued in Tex Jay Cole. Fleming Hospital, Inc. v. Williams, and State v. Ratliff, both supra.

The term "employing unit" is used in Sec. 17(f) (4), under which section the Commission placed appellants for the purpose of levying the tax, and is used in Sec. 5(c) (7), under which the Commission refused appellants succession to the favorable rating of 0.5%. To uphold this construction would compel the conclusion that the Legislature used the term in the two sections with different meanings. We are not willing to so hold, but we hold the meaning of that term as defined is applicable to every section in which it is used, "unless the context clearly requires otherwise." For these reasons condition (i) is met. Condition (ii) is met for the reason the successor corporations are controlled by substantially the same interests as the predecessor. State v. Ratliff, supra. Tex Jay Cole owned the predecessor and controlled the successors by being president and owning the majority of the stock of each. Condition (iii) is met because, under our holding here, appellants admit liability at the rate of 0.5% and have tendered this payment to the Commission and into court. These facts are sufficient assumption of the contributions due. No contributions of the predecessor are shown or alleged to be due. As to condition (iv) it would not only be equitable to consider the successor corporation as a single employing unit, but it would be inequitable not to do so. The general intent of the Act, as heretofore adopted by this court in Fleming Hospital, Inc., v. Williams, and State v. Ratliff [Tex. Civ.App., 200 S.W.2d 646], both supra, is: "'It regards corporate organization objectively and realistically, unencumbered by fictions of corporate identity, and thus, brushing aside form, deals with substance. 1 Fletcher, Cyclopedia Corporations, Perm. Ed., Sec. 45. It tends to aid a more effective administration of the Act in that the number of small units from which contributions are to be made will be reduced, while the benefits to be derived from the unemployment insurance will be extended to a larger number of individuals.'" Unemployment Compensation Com. v. City Ice & Coal Co., 216 N.C. 6, 3 S.E.2d 290, 292.

Further, this is so because this is not a case of claimed exemption from the tax, and therefore does not require a strict construction against the taxpayer, but is a question of the rate at which the tax shall be levied. To hold, as we do, appellant corporations, together with Towne Jewelers, are a single employing unit because owned and controlled by the same interests and, as such unit, are subject to the tax provisions of the Act, demands an equitable application of its condition, including the rights of appellants to succeed to the beneficial rate earned by Tex Jay Cole, their predecessor.

For the reasons stated the judgment of the trial court is reversed and judgment is here rendered that plaintiff recover of defendants taxes for the amounts tendered into the trial court.

The judgment of the trial court is reversed and rendered.

Reversed and rendered.