Argued March 6, reversed July 16, 1969

# WEST BEARING & PARTS, INC., INC., ET AL, *Respondents, v.* PEET, *Appellant.*

456 P2d 993

*Clarence R. Kruger,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and E. Nordyke, Assistant Attorney General, Salem.

*W. Dean Fitzwater,* Portland, argued the cause for respondent. On the brief was Gerald R. Pullen, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and HAMMOND,* Justices.

## SLOAN, J.

This was an appeal to the circuit court of an order of the Appeals Board of the Department of Employment which denied plaintiff corporations the experience rating enjoyed by the enterprise prior to incorporation. The trial court reversed and the commissioner appeals.

Prior to January 1, 1966, Mr. Andrew West was the sole proprietor of two business ventures. One was Andrew West doing buisness as West Bearing & Parts, Inc. The other was Andrew West doing business as Jobbers Service Co. Each business performed a distinct form of service and enterprise at different locations. Each kept its own accounts, etc. Mr. West was subject to the Department of Employment Law and made contributions to the unemployment insurance fund as one employer for both business endeavors. He had a favorable experience rating for the amount of his contributions.

---

* Hammond, J., did not participate in the decision of this case.

On January 1, 1966, he caused each business to be transferred to a separate corporation. Mr. West was the organizer of both corporations and became the majority stockholder in each. Plaintiff, West Bearing & Parts, Inc., became the owner of all of the assets of the business previously conducted by the assumed name of West Bearing & Parts. Plaintiff, Jobbers Service Co. became the owner of the former business conducted by the same assumed name. Defendant, Peet, denied the two new corporations the same favorable rate of contribution to the unemployment insurance fund that Mr. West had enjoyed as an individual employer. Mr. West appealed that decision through the various statutory administrative procedures and eventually appealed to the trial court. The trial court decided that plaintiff corporations were entitled to the experience rating formerly enjoyed by Mr. West.

Much of the argument is directed to the meaning of ORS 657.020, the statute defining an employing unit and of ORS 657.480 and which is commonly called the successor-in-interest statute.[1] Plaintiff corpora-

---

[1] ORS 657.020. "(1) As used in this chapter, unless the context requires otherwise, 'employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint stock company, insurance company or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee, or successor thereof, or the legal representative of a deceased person, who has or subsequent to January 1, 1937, had in its employ one or more individuals performing services for it within this state. * * *."

"(2) All individuals performing services within this state for any employing unit which maintains two or more separate establishments within this state are deemed to be employed by a single employing unit for all the purposes of this chapter, except that for the purposes of this chapter each of the various agencies, boards, commissions, departments, institutions and political subdivisions of this state shall be deemed separate employing units."

ORS 657.480. "If, on or after January 1, 1936, the organiza-

tions argue that even though Mr. West had previously operated the two business functions as a sole proprietor, each was, in fact, a separate employment unit. Plaintiffs contend that the transfer of the assets of each of the separate business functions to a corporation was only a paper transfer and should carry with it the good experience rating Mr. West had enjoyed and that the corporate entity should be ignored. The commissioner argues that to inherit a prior good rating the statute, ORS 657.480, required that the successor employing unit must obtain all of the prior business activities. The commissioner denies that the transfer was merely a paper substitution of a business entity. An annotation at 22 ALR2d 673, on this subject collates decisions from many states. The statutes, of course, vary in their similarity to the Oregon statute.

In essence, however, the real argument resolves into two factual questions. Did Mr. West actually operate two distinct business enterprises prior to their incorporation? Did the transfer to the two corporations make so slight a change in the nature of the business that plaintiffs are entitled to retain the experience rating earned by Mr. West? Wrapped up in the entire problem is one of piercing the corporate

---

tion, trade or business, including the entire, employing enterprise and all its incidents for all purposes of this chapter, of any employer is by purchase or otherwise transferred to an employing unit, whether or not such acquiring employing unit was an employing unit within the meaning of ORS 657.020 prior to such acquisition, the employing unit to which the transfer is made shall assume the position of such employer with respect to such employer's experience, payrolls and otherwise the same as if there had been no change in ownership and shall be required to assume and continue the experience of such employer pursuant to ORS 657.430 to 657.457, and 657.471 to 657.485. * * *."

veil. It is argued that we should look through the form to the substance and hold that the paper transfer of ownership was in name only and that Mr. West, as the majority stockholder of both corporations, should be entitled to retain his earned rating.

■ The decision of the trial court that fairness requires allowing Mr. West his rating is appealing and, perhaps, is a permissible construction of the statute. However, as pointed out by the Massachusetts court in *McNear v. Director of Division of Employment Sec.*, 1951, 327 Mass 717, 100 NE2d 848, this kind of an *ad hoc* decision in each case would create an intolerable burden on the administrative department as well as on the courts when reached by appeal. As the Massachusetts court points out, the purpose of the Massachusetts statute which, like ours, limits the transfer of an experience rating, "* * * may be found in the difficulties to be anticipated in tracing continuity of control and management and of the factors which enter into merit experience if the employing enterprises of an employer are to be split among two or a dozen successor units * * *." 100 NE2d 850. The factual differences involved in the cases cited and commented on in the ALR annotation demonstrate and emphasize the impossibility of attempting to construe the statute on an *ad hoc* basis.

■ It appears to us that the legislative purpose of ORS 657.020 and ORS 657.480 was to avoid this kind of problem. The statutes were designed to define an employing unit as a distinct legal entity and to limit the transfer of an experience rating from one distinct business entity to another distinct business entity without any change, diminution or enlargement of the complete entity possessing the experience rating. The

legislature must have recognized that to enable a legal entity to divide itself into separate employing units could be unworkable. This would be true whether the employer is an individual or other legal entity. It is difficult to divide an entity, whether individual, corporate or otherwise into separate pieces. To decide in each case, as we are asked to do in this one, whether or not the corporate structure of one or several corporations should be disregarded would not be feasible. The wording and apparent intent of ORS 657.020 negatives this likelihood. The wording of subsection (2) particularly refutes plaintiff's concept. In reference to a similar provision in the Utah statutes, the opinion in *Canada Dry Bottling Co. v. Board of Review,* 1950, 118 Utah 619, 223 P2d 586, 22 ALR2d 664, at 670 says:

> "* * * The latter wording [of the statute] seems to announce clearly that in cases similar to the one herein involved, even though the various businesses be operated and located separately, the legislature intended that there be but one employer or employing unit regardless of the number of individual ventures. This construction is in keeping with a legislative intent to affix responsibility to a legal entity that is recognized at law or the entity which is ultimately liable for the obligations of the organization. * * *."

The leading cases from other states construing similar statutes, *Ned's Auto Supply Co. v. Michigan Unemploy. Comp. Com'n,* 1945, 313 Mich 66, 20 NW2d 813; *El Queeno Distributing Co. v. Christgau,* 1946, 221 Minn 197, 21 NW2d 601; *State v. Dallas Liquor Warehouse No. 4,* 1949, 147 Tex 495, 217 SW2d 654, and other decisions and the editorial comment at 22 ALR2d 676 are in accord. *Contra* is *Burlington Truck Lines v. Iowa Employ. Sec. Com'n,* 1948, 239 Iowa 752,

32 NW2d 792, but that decision is not as persuasive as the reasoning of the other courts.

We think the decision of the trial court must be reversed and the determination of the Appeals Board of the Department be reinstated.