Argued March 1, reversed July 5, reconsideration denied August 30, petition for review allowed December 19, 1978

RSMJ, INC., *Petitioner,*

*v.*

EMPLOYMENT DIVISION, *Respondent.*

(No. TR 77-15, CA 9311)

580 P2d 1055

Alfred A. Hampson, Portland, argued the cause for petitioner. With him on the brief were Richard V. Bayless and Hampson & Bayless, Portland.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Petitioner appeals an order of the Employment Division referee pursuant to ORS 657.684 and ORS chapter 183. The order appealed from determined that petitioner was a "successor-in-interest" to an employing enterprise under ORS 657.480 and is required to assume the unfavorable experience rating of that employer for the purposes of calculating unemployment compensation taxes.

Prior to March, 1976, Frankenstein's, a restaurant and tavern, was owned and operated by Harry W. Olsen, Jr. Mr. Olsen had financial difficulties in the operation of the business and in March of 1976, a receiver, Steven Cusick, was appointed to take possession and control of the business assets. He was required by the appointing order to acquire an Oregon Liquor Control Commission license to operate the business. As receiver Cusick operated the facility from his appointment date until his responsibilities were discharged by the court on July 27, 1976. On that date the court ordered the remaining assets under the receiver's control to be transferred to petitioner. The latter began operation of a restaurant and tavern at the premises under the assumed business name of "Sacks Front Avenue."

Neither the receiver nor petitioner retained any of Olsen's employees. By the time the receiver assumed control the employees had left.

To understand the nature of the controversy it is well to set forth the method by which contribution rates are established for employers under the Unemployment Division Law, ORS chapter 657.

The Act provides for accumulation of reserves in the Unemployment Compensation Trust Fund during periods of employment to be used to pay benefits of workers during periods of unemployment. The Act imposes an obligation upon employers to pay a certain percentage of their payroll into the fund in the form of

a tax. The rate of each employer's contribution is based on that employer's actual experience with respect to unemployment benefits paid to former employees. Employers who have histories of unstable employment tend to have higher contribution rates, and those who have histories of stable employment tend to have lower rates.

The contribution rate is adjusted annually based on the previous experience of the employing unit. A new employing unit is assessed a minimum rate which will be adjusted after the actual experience is determined.

ORS 657.480 authorizes the transfer of an employer's experience rating to another employer only where there has been a transfer of the entire employing enterprise. The issue in this case is whether the entire employing enterprise was transferred to petitioner. If so, petitioner is required to assume the contribution rate of 3.9 percent attributable to Frankenstein's; if not, then petitioner will be assessed the new employer rate of 2.7 percent.

ORS 657.480 provides:

> "If the organization, trade or business, including the entire employing enterprise and all its incidents for all purposes of this chapter, of any employer is by purchase or otherwise transferred to an employing unit, whether or not such acquiring employing unit was an employing unit within the meaning of ORS 657.020 prior to such acquisition, the employing unit to which the transfer is made shall assume the position of such employer with respect to such employer's experience, payrolls and otherwise the same as if there had been no change in ownership and shall be required to assume and continue the experience of such employer pursuant to ORS 657.430 to 657.487. * * *"

Petitioner's brief is somewhat confusing. The question posed in the brief is "whether Petitioner is, as a matter of law, a 'successor-in-interest' to the prior business known as Frankenstein's." The brief then proceeds to assert that several of the referee's findings of fact are not supported by substantial evidence. The

only argument made, however, is that petitioner is not, as a matter of law, a successor-in-interest to the business of Frankenstein's.

There is no dispute in the material facts and the findings of the referee are supported by substantial evidence. We conclude, however, the referee's interpretation of ORS 657.480 and its application to the facts of this case is incorrect.

■ The referee concluded as follows:

"* * * the question is not whether plaintiff is liable for encumbrances existing prior to its ownership, but whether the succeeding business is so similar to its predecessor as to warrant the same tax rate * * *.

"The referee finds no change in the nature or content of the enterprise after it was transferred to Mr. Cusick as receiver, or after it was transferred to RSMJ, Inc. from Mr. Cusick."

It is not important to interpret the catch phrase, "successor-in-interest," used by the referee and the parties. The critical inquiry is whether petitioner was the transferee of the "trade or business, including the entire employing enterprise and all its incidents" from Frankenstein's. Factors most directly related to furnishing employment will necessarily vary with different businesses, but assets alone will rarely constitute the basis for determining the capacity of a business for furnishing employment. *See Ekco Products Co. v. Cummins,* 5 Ill 2d 307, 125 NE2d 526 (1955); *Robert Snyder & Associates v. Cullerton,* 75 Ill App 2d 1, 221 NE2d 148 (1966).

■ It is true, as the referee concluded, petitioner operated the same type of business in the same premises using the assets acquired, but this does not mean the entire employing enterprise was transferred. Tavern-restaurant combinations all have common characteristics, they all sell food and beverages to individual patrons on a retail basis. The tax rate calculation is not based on a particular type of business but on the experience rating of each individual employing unit.

[ 109 ]

The only things transferred from the enterprise functioning under the assumed business name of Frankenstein's to the petitioner, doing business as Sacks Front Avenue, were the assets which include food preparation and beverage dispensing equipment and furniture along with the premises. We conclude, under these facts, petitioner was operating a new business and is entitled to an experience rating ascribed to new businesses.

Reversed.