Argued and submitted February 6, affirmed May 27, reconsideration denied August 28, petition for review denied October 20, 1987 (304 Or 279)

In the Matter of the Notice of Determination of
Joseph, Babener & Carpenter.

## JOSEPH, BABENER & CARPENTER,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent.*

(Emp. Div. 86-T-116; CA A40932)

737 P2d 628

Christopher C. S. Blattner, Portland, argued the cause for petitioner. On the brief were Kimberlee Collins Morrow and Joseph, Babener & Carpenter, Portland.

Jens Schmidt, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner seeks review of an Employment Division referee's decision that it was not entitled to assume the favorable employment tax experience rating of its predecessor.

We take the facts from the referee's findings, which are undisputed. On January 1, 1986, Robert McMenamin withdrew from the law partnership of McMenamin, Joseph, Babener & Carpenter, and became "of counsel" to the firm. He set up his own law practice, took with him the business of his biggest client and other client files, all of which amounted to less than 5 percent of the firm's business, and also took two employes, his legal assistant and personal secretary. He stayed in the same office that he had occupied as a partner and rented space and equipment from the firm. He also paid a portion of the office's overhead.

The remaining partners organized a new partnership, Joseph, Babener & Carpenter, and arranged to pay McMenamin the value of his capital and his accounts receivable. The partnership continues to practice law at the same location, and continues to serve the same clients, with the exception of the clients whom McMenamin took with him.

ORS 657.480 provides, in pertinent part:

"If the organization, trade or business, including the entire employing enterprise and all its incidents for all purposes of this chapter, of any employer is by purchase or otherwise transferred to an employing unit, whether or not such acquiring employing unit was an employing unit within the meaning of ORS 657.020 prior to such acquisition, the employing unit to which the transfer is made shall assume the position of such employer with respect to such employer's experience, payrolls and otherwise the same as if there had been no change in ownership and shall be required to assume and continue the experience of such employer pursuant to ORS 657.430 to 657.475 and 657.480 to 657.487."

A partnership is an "employing unit" as it is defined in ORS 657.020(1)(a):

"Any individual or type of organization, including any partnership, association, trust, estate, joint stock company, insurance company or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee, or successor thereof, or the legal representative of a deceased person,

who has or had in its employ one or more individuals performing services for it within this state."

The Division determined that petitioner could not succeed to the experience rating of McMenamin, Joseph, Babener & Carpenter for the tax year 1986 and assigned petitioner a less favorable rating, on the ground that McMenamin had taken with him client files and employes and that his withdrawal from the partnership had not resulted in a transfer to the new firm of the "entire employing enterprise."

Petitioner contends that there has been no "transfer" of the business so as to bring petitioner within the provisions of ORS 657.480. Although the withdrawal of a partner and the assumption of the business by the remaining partners is not a "transfer" in its most commonly encountered sense, it is a transfer within the meaning of ORS 657.480. When a partner withdraws from a firm, the partnership is dissolved. ORS 68.510. Although the remaining partners may choose to carry on the business of the firm as a new partnership and the partnership agreement may provide that the withdrawal of a partner does not terminate the business of the partnership, the fact remains that, in continuing the business, the partnership operates as a new entity distinct from the former partnership. Petitioner does not dispute the referee's findings that the remaining partners formed a new partnership and that the ownership of the firm is different. The remaining partners' acquisition of a portion of the withdrawing partner's interest in the firm was a transfer of the business so as to subject the new entity to a reevaluation of its experience rating, pursuant to ORS 657.480.

Petitioner is permitted to assume the former firm's favorable experience rating only if it has acquired the former firm's "entire employing enterprise." ORS 657.480. Petitioner acknowledges that, "under a narrow, technical application of ORS 657.480," it has not acquired the "entire business and all its incidents." It asserts, however, that the relevant inquiry is "whether there are differences in the substance of the business operation which are pertinent to its unemployment experience rating." That broad interpretation is appealing and is suggested somewhat by language in the cases.

In *RSMJ v. Emp. Div.*, 286 Or 227, 596 P2d 909 (1979), the Supreme Court considered whether RSMJ, doing

business as "Sacks Front Avenue," was required to assume the unfavorable experience rating of its predecessor, a receiver, who also happened to be the president of RSMJ and the manager of "Sacks Front Avenue." The referee had found that, other than a name change and general cleanliness of the premises, the business had remained the same as it was under the receiver. RSMJ asserted, however, that the new business was not managed "in all respects" the same as the business under the receiver, who had been charged with preserving the assets, rather than making a profit. The court rejected that consideration as a basis for distinguishing between the two entities, and stated:

"No concrete evidence is cited to show how this led to an actual difference in operating the business pertinent to its unemployment experience rating." 286 Or at 233.

The quoted language would seem to support petitioner's interpretation. However, *RSMJ* is distinguishable, because RSMJ was trying to *avoid* inheriting its predecessor's unfavorable rating, and there was no question that the new business had acquired from the receiver the entire former enterprise and all of its incidents. It was the only successor to the business formerly operated by the receiver. The only factor, then, which the court considered might possibly have affected RSMJ's assumption of the former business's experience rating was whether there had been a change in the operation of the business. The court rejected RSMJ's contention that such a change had occurred and held that the successor took the predecessor's unfavorable rating.

Recently, in *Kennedy, King & Zimmer v. Employment Div.,* 78 Or App 319, 715 P2d 1129 (1986), we held, in a *per curiam* opinion, that, in view of the parties' stipulation that the petitioning law firm was the "successor in interest" to its predecessor, the new partnership was entitled to succeed to the favorable experience rating of its predecessor after one of the partners had withdrawn. Our opinion does not indicate whether the withdrawing partner took clients or employes with him; however, the petitioner's brief in *Kennedy* shows that he did not. Thus, as in *RSMJ v. Emp. Div., supra,* the new business was the *only* successor to the business of the former firm.

In *West Bearing and Parts v. Peet,* 253 Or 639, 456

P2d 993 (1969), the Supreme Court considered whether two businesses were entitled to the favorable experience rating of their predecessor when the two had formerly been owned by West, a sole proprietor, but had been transferred to two separate corporations, with West as the majority stockholder of each. The two corporations contended that, even though West had previously operated the two businesses as a sole proprietor, each was, in fact, a separate employment unit, and the transfer of each business to a separate corporation was only a paper transfer which should not prevent the new businesses from inheriting West's good experience rating. The Department of Employment contended that neither of the successor employing units had acquired all of the prior business activities of their predecessor and that neither should succeed to the former's favorable rating.

The court first rejected the corporations' contention that they had formerly been two separate employing units. It was sympathetic, however, to the corporations' suggestion that considerations of substantive factors affecting employment experience should control the new experience rating. There was concern, however, that a construction of the statute which conditioned the new employing entity's acquisition of the former entity's experience rating on a subjective identity of operation, management and control would afford no method of evaluation apart from an *ad hoc* decision in each case. The court stated that the purpose of ORS 657.480 is to avoid the burden on the administrative department of "tracing continuity of control and management and of the factors which enter into merit experience if the employing enterprises of an employer are to be split among two or a dozen successive units." 253 Or at 643. It stated that if the new entity is to succeed to the former entity's favorable experience rating, there must be no "change, diminution or enlargement of the complete entity possessing the experience rating." 253 Or at 643.

In this case, the Division's referee believed that *RSMJ v. Emp. Div., supra,* and *Kennedy, King & Zimmer v. Employment Div., supra,* "call into question the continuing vitality" of the strict interpretation set out in *West Bearing and Parts v. Peet, supra.* He applied what he considered to be a more "reasonable" analysis:

"[I]f sucession [*sic*] [to the predecessor's experience rating] is to take place the form of doing business can change, but the substance of the business cannot. There would be a change in the employing enterprise if there is some change in the customers handled, with whom business is done, or if a change in the number of employes occurs."

He concluded that the withdrawing partner's removal from the firm of active files and two employes was a "change in the make up of the employing unit" that prevented petitioner from succeeding to its predecessor's experience rating.

■    Although we agree with the referee's conclusion, we do not perceive his "reasonable" analysis as a departure from the rule stated in *West Bearing and Parts v. Peet, supra.* Neither do we agree that that rule or the policy behind it has been altered by the subsequent cases. When a business which was formerly conducted by one employing entity is transferred to two or more entities, neither succeeds to the former's "entire employing enterprise" and neither is entitled to assume the former entity's experience rating. Neither *RSMJ v. Emp. Div., supra,* nor *Kennedy, King & Zimmer v. Employment Div., supra,* changed that rule.

Although a shifting of partners is frequent in the law business, and in many cases may have no practical effect on the firm's employment experience, we can envision cases in which the impact of a partner's withdrawal and the removal of clients and employes would be substantial. The Division has chosen an interpretation of ORS 657.480 which permits it to decide which businesses will assume the experience ratings of their predecessors without the need for an *ad hoc* decision in each case concerning the substantive factors affecting the experience rating. That interpretation is consistent with the law. Any change in the law is up to the legislature.

Affirmed.